Donahay v. Hall.

---

JAMES P. DONAHAY, appellant,

*v.*

CHARLES E. HALL, respondent.

1. The statute (*Rev. p. 758 § 38*) requires that letters of administration shall issue to the next of kin in preference to a stranger.

2. It is applicable where letters issue to an administrator *de bonis non.*

3. In absence of the statute, administration of an estate should be committed to those who are the ultimate or residuary beneficiaries.

4. Where an estate has been decreed likely to be insolvent under *Rev. p. 772 § 89,* and real estate must be sold to pay debts, and it does not appear that the proceeds of the sale of real estate will not be sufficient for that purpose, the heirs at law will be regarded as the ultimate beneficiaries.

Donahay v. Hall.

On appeal from an order of the Monmouth county orphans court.

*Mr. Aaron E. Johnston,* for the appellant. ·

*Mr. William H. Vredenburgh,* for the respondent.

THE ORDINARY.

Joseph Donahay died in 1886, intestate, leaving him surviving his widow and, as his heirs at law and next of kin, several brothers and sisters. The widow was appointed administratrix of his estate. While she held that office the estate was decreed "likely to be insolvent." After her death James P. Donahay, one of the brothers and next of kin of the intestate, united with Charles W. Butcher, who is the husband of one of his sisters and a creditor of the estate, in an application for letters of administration *de bonis non,* and, at the same time, another creditor, who had acted as the agent of the widow in her administration of the estate, made a similar application. Upon the hearing of these applications before the orphans court of Monmouth county, that tribunal decided that disputes had arisen between the two creditors so applying for administration and those interested in the estate, and that it appeared to the court to be for the best interests of the estate that a disinterested person should be appointed administrator, and it therefore ordered that letters issue to the respondent, Charles E. Hall. It does not appear what the disputes alluded to were, nor that the next of kin of the decedent, except possibly inferentially from the words "those interested in the estate," were concerned in them. · Nor does it appear that the respondent is interested in the estate as a creditor or otherwise. From the proceedings, as disclosed in the transcript, it does not appear that there was any sufficient objection to the appellant's application. The question presented was, whether, in this situation of affairs, the grant of letters should be made to a stranger in preference to the next of kin.

Our statute regulating the issue of letters of administration is as follows:

46

Donahay *v.* Hall.

"If any person die intestate, or if the executor named in any testament renounce the executorship, or neglect, for the space of forty days after the death of the testator, to prove such testament, then administration of the goods, chattels and credits of such intestate or of such testator, with the testament annexed, shall be committed or granted to the widow or next of kin of such intestate or testator, or to some of them, if they or any of them will accept the same; and if none of them will accept thereof, then to such other proper person or persons as will accept the same." *Rev. p. 758 § 28.*

There can be no doubt that the case now considered is within this statute and controlled by it. The duty of an administrator *de bonis non* is to administer the effects of the intestate which the original administrator left unadministered. So far as he acts, the administration is original. It is within the language and meaning of the statute. By force of the statute such administration must go to the next of kin, if one of them, who is not subject to personally disqualifying objections, will accept it.

But if the statute did not control this question, I think that upon the principle that underlies the grant of administration the same result must be reached. The principle referred to is, that the administration of an estate is to be committed to those who are the ultimate or residuary beneficiaries, that is, to those to whom the residue of the estate will go when the administration is completed. *1 Woerner Ad.* § *235; 1 Wms. Ex. 419; Schoul. Ex. & Ad.* § *97.*

In the matter of the *Will of Kirkpatrick, 7 C. E. Gr. 463,* the ordinary (Zabriskie), when called upon to decide to whom administration should be committed where the executor named in a will pre-deceased the testator, finding the case not to be within the terms of our statute, upon the principle referred to, awarded the administration to the residuary legatees.

This principle commends itself as so manifestly just that it should be applied in all cases that are not expressly controlled by the statute. Applying it to the case in hand the administration should go to the appellant, or to one of his brothers or sisters. The proceedings in insolvency have gone to the point at which the orphans court, under the eighty-ninth section of the Orphans Court act (*Rev. p. 772*), has decreed that the estate is likely to be insolvent, and has ordered a portion of the real estate

to be sold. Some of the real estate yet remains unsold. It does not appear that the portion unsold may not bring a sufficient price to pay the debts in full and leave a residue. Indeed, the statute regulating proceedings in case of insolvent estates of decedents contemplates that there may be such a residue. In such case the residue will go to the heirs at law of the decedent, who, in this case, are the appellant and his brothers and sisters, by express provision of the ninety-third section of the Orphans Court act. *Rev. p. 772.*

I am of opinion, then, that both by the statute and upon principle, the order appealed from is erroneous and should be reversed, with costs, and I will decree accordingly.