Sayre v. Sayre.

SYLVANUS B. SAYRE, appellant,

v.

EDWARD SAYRE, respondent.

1. Where there is no husband or widow, administration must be granted to the next of kin of the intestate, if any of them are fit and competent and will accept.

2. Where one of several next of kin applies for administration, the surrogate should not, in any case, grant administration until proof has been made that ten days' notice of the application has been given to the others.

On appeal from an order of the orphans court of the county of Morris.

*Mr. John J. Hubbell,* for the appellant.

*Mr. George T. Werts,* for the respondent.

THE VICE-ORDINARY.

This is an appeal from an order of the orphans court of the county of Morris. The facts material to the controversy are the following: Eliza B. Sayre, a resident of Morris county, died intestate on the 3d day of October, 1890. The appellant and respondent are her sons and her only next of kin. No application for administration was made until February 3d, 1891, more than one hundred and twenty days after the intestate's death, and then the respondent applied, and two days thereafter the surrogate granted letters to him without notice to the appellant, and, so far as appears, without his knowledge. The regularity of the action of the surrogate, in appointing the respondent without notice to the appellant, was challenged by appeal to the orphans court, and that court, by its order, refused to revoke the appointment. This is the order that is under review, and the question presented for decision is, whether a surrogate may law-

:fully, in any case, appoint one of several next of kin adminis-
'trator of an intestate's estate without notice to the others.

Where there is no husband or widow, administration must be
granted to the next of kin, if any of them are fit and competent
and will accept. The statute so directs. *Rev. p. 728 § 28.*
This is the construction which the present surrogate-general has
·given to the statute. *Donahay v. Hall, 18 Stew. Eq. 720, 722.*
In a case where there are several next of kin, the course which
the surrogate must pursue in granting administration is plainly
;pointed out by the first paragraph of the rules of the orphans
·court. That paragraph, so far as its provisions are pertinent to
·the question now before the court, provides that an application
for letters of administration must be in writing and verified by
affidavit ; that it must state the names of the heirs and next of
kin of the deceased, so far as the same are known, with their
residence or post-office address, and the manner or degree in
which they severally stand· related to · the deceased ; and where
such application is made by one of several persons equally enti-
tled to receive letters of· administration, the person making the
application must produce to the surrogate proof that at least ten
days' notice of his application has been given to the other next
of kin or parties entitled by law to administration. *Dick. Pro.
Ct. Prac. 19.* This language appears to me to be so lucid as to
make the rule its own expositor. It says plainly and distinctly,
as I understand it, that in case one of several next of kin apply
for administration, the surrogate shall, in no case; grant admin-
istration until proof has been made that ten days' notice of the
application has been given to the others. The reason why the
applicant is required to set forth in his application the names
and residences of the next of kin of the deceased is, that the
surrogate may be thus furnished with the means of knowing,
before he acts, that the persons entitled to notice of the applica-
tion have had it. That part of the rule which requires an
applicant to give notice to all persons standing in equality of
right with him, was undoubtedly intended to make a grant of
administration by a surrogate dependent upon the observance
·of that great principle of justice which declares that, in every

proceeding of a judicial nature, it is essential to its validity that the persons whose rights are to be affected should be a party to the proceeding, and have an opportunity of being heard. As the case now stands, it would seem to be entirely clear that the right of the appellant to administer the estate of his mother is, in all respects, equal to that of the respondent, and this is, therefore, just the sort of a case that the rule was intended to regulate. Where there are several persons possessing an equal right to administer, the evident design of the rule is to prevent a grant of letters by the surrogate to any one of them until all have had an opportunity to be heard.

The ninth section of the "Act concerning executors and the administration of intestates' estates" (*Rev. p. 397*), authorizes the surrogate, in case any person dies intestate within this state, and none of the persons entitled to administer upon his estate shall claim the same within fifty days after his death, to grant letters of administration upon his estate to any fit person. The statute gives no directions on the subject of notice, but the language of the rule just considered plainly covers such a case. And it has already been decided that the rule in question applies to such a case, and that a valid grant of administration cannot be made under this statute without notice.   *Gans* v. *Dabergott, 13 Stew. Eq. 184, 187.*

The order appealed from must be reversed, and the letters granted to the respondent must be revoked. The appellant is entitled to costs against the respondent, both in this court and in the court below.