In the matter of the estate of F. Augustus Heinze, deceased.

[Decided June 19th, 1922.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Griffin, whose opinion is reported in *93 N. J. Eq. 321.*

*Messrs. Collins & Corbin, Messrs. Wall, Haight, Carey & Hartpence* and *Messrs. McCarter & English,* for the appellants.

*Messrs. Treacy & Milton,* for the respondent.

Per Curiam.

Albert C. Wall, substituted administrator of the estate in New Jersey of F. Augustus Heinze, deceased, filed his petition, report and account in the court of chancery, alleging that certain matters set out therein were required to be adjudicated by the court as a preliminary to the final passage of his account; and praying for the adjudication thereof, the allowance of his account as stated therein and the fixing of a suitable counsel fee and compensation for his services as such administrator. The matter came on to be heard before Vice-Chancellor Griffin, all parties in interest being represented, and, after consideration, a final decree was entered therein. From this decree Walter A. Fullerton, the domiciliary administrator of the Heinze estate; the Assets Development Company, an alleged creditor of that estate; and Mr. Wall, the substituted administrator of the estate in New Jersey, have each appealed.

So far as those portions of the decree which are attacked by Mr. Fullerton and by the Assets Development Company are concerned, we are content to affirm, for the reasons stated in the opinion of the learned vice-chancellor.

The appeal of Mr. Wall presents the following situation: It having appeared upon the hearing before the vice-chancellor that the Assets Development Company had brought suit against him

*93 N. J. Eq.*                    In re Heinze.

as administrator in New Jersey, that such suit had resulted in a judgment against the development company, and that the latter had appealed from that judgment to this court, the vice-chancellor considered that the determination of the question of passing Mr. Wall's account as a final account, and his consequent discharge as administrator, should be continued until the rendition of judgment by this court upon the appeal of the Assets Development Company, for the reason that, until the question of the liability of Mr. Wall as administrator in New Jersey to the Assets Development Company was determined, it was impossible to say finally whether or not that claim should be included in his account. We think this view was sound, and that the portion of the decree so adjudging should be affirmed.

Mr. Wall also complains that the vice-chancellor improperly refused to fix his compensation as administrator and fix an allowance for counsel fees. But we think that it was not proper for the vice-chancellor to do this until the account itself was finally passed, because, until the question of his liability to answer the claim of the Assets Development Company was finally determined, the amount of his compensation as administrator and the extent to which counsel fees should be allowed him could not be accurately determined. As we construe this portion of the decree, it recognizes the right of the administrator to compensation and an allowance for counsel fees, but merely postpones the fixing of the amounts until the final passing of the account. So construed, we concur in the view of the learned vice-chancellor.

Mr. Wall also complains that the vice-chancellor did not presently compel the American Smelting and Refining Company, a New Jersey debtor of the Heinze estate, to pay over to Mr. Wall, as New Jersey administrator, the amount of its indebtedness. We think the action of the vice-chancellor in this regard also was proper. Mr. Wall was only entitled to receive from the amount of that indebtedness a sufficient sum to pay New Jersey creditors of decedent's estate, and his (Wall's) compensation for services, expenses and counsel fees. Admittedly, the only New Jersey creditor of that estate is the Assets Development Company. If its claim against Mr. Wall shall be finally adjudicated

in its favor, then he is entitled to receive from the American Smelting and Refining Company enough of its indebtedness to satisfy that claim, and also to satisfy his claim for compensation and counsel fees. If, on the other hand, the claim of the Assets Development Company shall finally be adjudicated against it, then Mr. Wall's claim against the debt of the American Smelting and Refining Company must be limited to such sum as the court shall hereafter determine will be a reasonable compensation for his services as New Jersey administrator, plus such additional amount as will be due to him for expenses and counsel fees.

We conclude, therefore, that that part of the decree which is the subject of Mr. Wall's appeal should also be affirmed.

No. 18—

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUS-KIRK—14.

*For reversal*—None.

No. 20—

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUS-KIRK—14.

*For reversal*—None.