In the matter of the application for probate of the last will
    of JANE E. BARNEY, deceased, late of Union county,
  · New Jersey.
                    [Decided March 29th, 1923.]

1. Probate of a will of a decedent domiciled in this state will be
denied on the ground of *res adjudicata* where it appears that her will
had been offered for probate in New York state, where most of her
property was located, and where two juries found that she was incom-
petent to make a will, the New York court having statutory jurisdic-
tion of the subject-matter because the decedent left property in that
state, and of the parties who were duly cited and appeared.

2. *In re Rosa E. Spang*, N. Y. Law Jour., November 29th, 1922,
approved and followed.

3. *Chadwick Case*, 80 N. J. Eq. 471, explained and distinguished.

4. Our probate courts have original probate jurisdiction of non-
resident testators' wills where they die seized of lands in this state.
P. L. 1921 p. 831.

On motion to dismiss petition for probate.

*Mr. John J. Fallon*, for the motion.

*Mr. William H. Osborne*, for probate.

BACKES, VICE-ORDINARY.

Jane E. Barney, at the time of her death, was domiciled
at New Providence, Union county, this state. She died
owning land and considerable personal property in New York
county, New York. ·She also had land and personal prop-
erty in this state, but comparatively of small value. It is
said that nearly ninety-five per cent. of her property was in
New York. Shortly before her death, in 1915, and while
on a visit to New York, she executed in due form a purported·.
last will and testament disposing of her entire estate and ap-
pointed Lewis V. Ennis, a legatee and sole residuary bene-
ficiary, executor thereof. The will erroneously recites that

Mrs. Barney was "of the city of New York, borough of Manhattan." The executor offered the will for probate in the surrogate's court of New York county, where it is still lodged. All parties in interest were duly cited and a bitter battle was waged on the usual grounds of incompetence and undue influence. Mrs. Barney was past eighty, a widow and childless. Many years of her life had been spent in retreats for the mentally afflicted, but not since 1888. She moved to New Jersey in 1902, two years after her husband's death. The original petition for probate in the orphans court of New York county alleged that the deceased at the time of her death was domiciled in the county of New York, and upon objection to the jurisdiction of the court on the ground that the deceased was not a resident of New York but of New Jersey, which was opposed but not seriously contested, leave was given to amend and the petition was amended alleging another jurisdictional ground under the New York law, that the deceased at the time of her death was possessed of lands and personal property in the county of New York. Two jury trials were had, one lasting three weeks, the other thirty days, and in each the verdict was that the deceased was incompetent to make a will. The case went to the jury upon that single issue. The first verdict was set aside because of the admission of illegal testimony and erroneous instructions to the jury. *In the matter of Barney, 174 N. Y. Supp. 242.* The decree on the second verdict was affirmed by the appellate division of the supreme court, which also denied an appeal to the court of errors, and upon application to the latter court it refused to review the case.

After this protracted and expensive litigation the executor, Ennis, joined by two legatees, evidently encouraged by what was said by our court of errors and appeals in the *Chadwick Case, 80 N. J. Eq. 471,* now applies for probate here because of the decedent's domicile in this state. Motion is made to dismiss the application on the ground that this court is without jurisdiction because the alleged will does not accompany the petition for probate. The petitioners say they

will take steps to produce it. The question is one of procedure not of jurisdiction. Orderly procedure and our common practice call for the document when the applicant prays for its probate. The offer for probate would seem to speak this, but there is nothing in our statute or in our rules that require its lodgment in court with the petition. See *Cassidy's Will, 80 N. J. Eq. 163*. A motion to stay the proceedings until, &c., would seem to me to be the proper practice. However that may be, I prefer to put my judgment on the more substantial ground of *res adjudicata* presented by the offer in evidence of a copy of the New York record, duly authenticated under the act of congress. It was agreed by counsel that this question should be submitted on the motion to dismiss.

The New York Code of Civil Procedure, section 2515, confers jurisdiction upon the surrogate's courts to propound wills not only where the deceased is domiciled in that state but also—

"3. Where the decedent, not being a resident of the state, died without the state, leaving personal property within that county, and no other; or leaving personal property which has since his death come into that county, and no other, and remains unadministered.

"4. Where the decedent was not, at the time of his death, a resident of the state, and a petition for probate of his will, or for a grant of letters of administration, under subdivision second or third of this section, has not been filed in any surrogate's court; but real property of the decedent, to which the will relates, or which is subject to disposition under title fourth of this chapter, is situated within that county, and no other."

Whatever may be thought of the wisdom of this jurisdictional endowment, it must be conceded that the investment was one of legislative power and policy. This view is sanctioned in the *Chadwick Case, supra,* where it was held that the orphans courts of this state and this court were without jurisdiction to probate foreign wills, because, as it was there pointed out, there was no inherent power, and none had been conferred by legislative grant. Mr. Justice Bergen, in the course of his opinion, observed that (at *p. 473*) : "We think

that upon general principles the due administration of justice demands that last wills should be first probated at the domicile of a testator, and that this rule should prevail in this state, unless the law expressly confers on the ordinary or surrogate probate jurisdiction over wills of non-residents. * * * (at *p. 477*). That a due regard for state comity favors the correctness of the principle that the courts of the state of the domicile of a testator have the primary right to pass upon the questions incident to the probate of his will even if some of his personal property be found in a foreign jurisdiction, and that there is no statute of this state which vests in our probate court a power inconsistent with this view." The reasonable, if not necessary, implication of these observations is that the principle of comity would give way to legislative grant of jurisdiction. Power to probate wills of non-residents dying seized of real estate in this state has since been conferred on the ordinary and the orphans court. *P. L. 1921 p. 831.*

I am of the opinion that the surrogate's court of New York county had jurisdiction of the subject-matter—the probate, and of the parties, and that they are bound by the decree. *4 N. J. Dig. 7549 § 284.* A recent case, substantially on all fours with this one, is *In re Estate of Rosa E. Spang,* deceased, decided by the orphans court of Allegheny county, Pennsylvania, and printed in full in the *N. Y. Law Jour.,* November 29th, 1922. It may be published later in 51 or 52 Pennsylvania county court reports. The reasoning of the opinion is sound and applicable, and I feel justified in quoting from it at length:

"The petitioner asserts that the proceedings in New York could only concern the disposition of property under decedent's will located in the State of New York; this conclusion cannot be sustained. The petitioners' counsel confuses the construction of the will duly probated with the fact of probate itself; the proceeding in New York was on the fact of probate; an essential element to establish the fact was testamentary capacity; this was within the jurisdiction of

the New York courts, and the final decision there is conclusive on the question of probate; granted, that if this will had been probated in New York the construction might primarily concern decedent's property in New York, and that a different construction might be found in other jurisdictions, as to the other property there, and this in no way affects the fact of probate, which necessarily was based, *inter alia,* upon testamentary capacity. This is not a question of property but a proceeding to determine the factum of a will; it is a proceeding *in personam* and also *in rem.;* it is the *rem* over which the New York court had jurisdiction (*Eno's Estate, 94 Misc. Rep. 100; Horton's Estate, 217 N. Y. 363; Cochran* v. *Young, 104 Pa. 333*); the supreme court says in the latter case that all persons are parties or privies, and when brought upon the record are concluded by the proceedings;. distinct emphasis is laid upon the fact that the proof of a will is a proceeding *in rem* touching the thing, to wit, the validity of the will itself. * * * The New York statute gave jurisdiction to its courts when the party either was a resident of the state or was possessed of property in the state. The proponents of Mrs. Spang's will alleged residence in New York and also alleged property there. It is immaterial upon which ground jurisdiction was based in the proceedings there; that court having jurisdiction to pass upon the probate of a will, no question of the fact of the probate can be raised in any other jurisdiction. At most, for the purpose of this case, domicile and residence are equivalent terms. *Raymond* v. *Leishman, 243 Pa. 64; 19 Corp. Jur. 397.* Neither as to the fact of residence nor as to jurisdiction can these petitioners assert one thing in a proceeding before us now contrary to what they asserted in the probate proceedings in New York. * * * The petitioners are estopped from attempting to raise here contentions as to residence and to jurisdiction, the contrary of which they pleaded in the courts of New York. Dr. Chapin, one of the intervening petitioners and an executor named in the decedent's invalid will, voluntarily submitted himself to

the jurisdiction of the probate court of New York, averring residence of the decedent there and the ownership of property there. This gave the court in New York jurisdiction to entertain proceedings for probate for all purposes. He cannot now, because of defeat in the various trials in New York, come into another state and seek to try over an issue settled by a court of competent jurisdiction. Ella B. Hitchcock, the other petitioner and legatee under the paper-writings of Mrs. Spang, was cited under the laws of New York as a party to the will contest there; as such party it was her right to interpose objections to the probate of the will in New York. * * * A legatee who takes no exception to the action of a nominated executor in proposing an alleged will for probate stands in privity with the executor *(Big. Estop. (6th ed.) 250)*, and the same principle is announced in Pennsylvania in *Cochran* v. *Young, supra.* The proceedings in New York are *res adjudicata,* so far as the rights of these petitioners are concerned. A court of competent and complete jurisdiction on the question of the probate of the decedent's will has on their application finally and conclusively determined that this decedent did not possess testamentary capacity; that she left no will, therefore, died intestate. It would be a strange proceeding, indeed, if the parties interested, aggrieved because of their defeat, could invoke the original jurisdiction of every other state in the Union where property may be located of this decedent and seek to try over in each of these jurisdictions the question of her testamentary capacity."

The petition will be dismissed.