Mrs. Mae Platto Fischer died at Denville, (Indian Lake) Morris county, N.J. on August 21st, 1933. She left no descendants but was survived by her husband Frederick G. *Page 600 
Fischer and by one brother, George Platto, — but by no other brother or sister or representative thereof. No will being found, her husband applied to this court for letters of administration and letters of general administration were issued to him on September 12th, 1933.
These letters were issued on Fischer's allegation that decedent was a resident of, — ("late of"), — New Jersey, — and without notice to the brother, Platto. It is the law of the state of domicile of an intestate decedent which governs and determines the rights of intestate succession. Under the law of New Jersey, if the decedent had been domiciled here at her death, the husband would have had the sole right to succeed to all the decedent's personal property, and the sole right to letters of administration, and no notice was required to be given to Platto or anyone else.
If the decedent, however, were domiciled in New York at the time of her death, the New York law would control and under that law the brother Platto would succeed to a substantial share in the estate.
On October 20th, 1933, the brother Platto filed petition for administration of Mrs. Fischer's estate, in the surrogate's court in New York, alleging her to have been a resident of New York at her death; and process was issued and served on the husband, Fischer.
Fischer had become mentally deranged, and on November 8th, 1933, the letters of administration which had been issued to him by this court were revoked on that ground and letters issued in their stead to one Milton Mermelstein, a member of the New York bar. This action was taken on the petition of Mrs. Margaret Hobson. Mrs. Hobson and a Mrs. Elizabeth Craner were children of Fischer by a former marriage and were his next of kin apparent. It was also alleged in this petition that Mrs. Fischer had been domiciled in New Jersey at her death. No notice of this petition or the grant of substitutionary letters was given to Platto; none was required if Mrs. Fischer had been domiciled in New Jersey.
Lunacy proceedings were thereupon instituted in the court of chancery of New Jersey, wherein Fischer was adjudged a lunatic and his daughter Mrs. Hobson was appointed his *Page 601 
guardian by the Morris county orphans court in January, 1934.
Mermelstein, as substituted administrator of Mrs. Fischer's estate, appointed by this court, entered appearance and answer in the New York proceeding above mentioned. He also himself filed a petition in the New York court for the issuance of ancillary letters to himself, on the basis of the allegation that Mrs. Fischer had been domiciled in New Jersey and that original letters of administration had been issued to him here. Under the New York law it is a requisite to the grant of ancillary letters that it be shown that original letters have been issued in the state of decedent's domicile. To this petition Platto answered, denying that Mrs. Fischer's residence was in New Jersey, and alleging such residence to have been in New York.
Both proceedings in New York therefore involved the issue as to whether Mrs. Fischer had been domiciled in New York or New Jersey. Both proceedings were consolidated and duly tried in New York, and in that proceeding Mrs. Hobson as guardian of Mr. Fischer also appeared as a party and contended that the domicile of Mrs. Fischer was not New York but New Jersey. The determination of the issue in and by the New York court was that Mrs. Fischer had been domiciled in New York, and original letters of administration were issued to Platto. That adjudication was subsequently affirmed by the appellate division of the New York supreme court, and has now become final by the action of the New York court of appeals.
Following the determination aforesaid in the New York surrogate's court, Platto, as general administrator appointed by the New York court, commenced the present proceeding in this court, — being a petition for the revocation of the letters issued by this court to Mermelstein and for the issuance of letters to him, (Platto), in the place and stead thereof. The basis of this petition is the allegation that Mrs. Fischer was not a resident of New Jersey but of New York; that hence New Jersey had not the right to issue letters of general or original administration on her estate; that although New Jersey had the right to issue letters of administration for *Page 602 
the administration of such assets of the estate as were in this state, such letters (on Fischer's becoming incompetent) should have been issued to Platto and not to Mermelstein; that the issuance of the letters to Mermelstein was the result of mistake and misrepresentation, — to wit, the mistake of this court in believing that Mrs. Fischer's residence had been in this state, which mistake was caused by the misrepresentation to that effect made to this court by Fischer in his original petition and impliedly repeated or continued and acquiesced in by Mrs. Hobson in her petition (as Fischer's next friend and one of his next of kin apparent), after Fischer had become mentally incompetent and incapable of acting as administrator; that Platto, not having been brought into the proceedings in this court nor given notice thereof had had no opportunity to raise or be heard on the issue as to the domicile of Mrs. Fischer, in this court.
Named in this petition, as parties respondent in this proceeding, are Mermelstein, as substituted administrator under the New Jersey letters, Frederick Fischer (the husband, now incompetent), Mrs. Hobson as guardian of Mr. Fischer; and order to show cause was duly issued against them. Answer and answer in lieu of plea has been filed by Mrs. Hobson; and an additional stipulation of facts has been filed, joined in by all the parties.
There are no issues of fact, other than the fact as to the domicile of Mrs. Fischer. The legal issues are, first, as to the effect to be accorded to the determination by the New York court of the question as to Mrs. Fischer's domicile; and second, as to the right of the petitioner Platto to succeed in the present petition even if it be determined herein that Mrs. Fischer's domicile was in New York and not in New Jersey.
On the first issue it would seem there can be little, if any, doubt. It is obvious that the present proceeding is a contestinter partes, between Platto, decedent's brother and sole next of kin, on the one hand and Fischer, decedent's husband, (represented by Mrs. Hobson as his guardian), on the other, as to the right of administration on Mrs. Fischer's estate or at least on such portion thereof as is located in New Jersey. In this proceeding or contest between those parties *Page 603 
the issue is raised as to the domicile of Mrs. Fischer, — a material issue, because if Mrs. Fischer's domicile was in New Jersey instead of New York, then the petitioner Platto concededly has no interest in her estate and no right or interest in the appointment of an administrator thereof.
Platto contends that under the "full faith and credit clause" of the federal constitution the adjudication of the New York court on this issue of domicile is conclusive upon, and must be given effect to, by this court in this proceeding. It seems unnecessary to decide this particular question, since in any event the well-established principles of comity and the doctrine of res adjudicata and estoppel by record lead to the same result. Where an issue which has been previously determined by final judgment of a court of competent jurisdiction is raised in another court in a proceeding between the same parties (or those privy in interest with them) as those in the prior suit, the parties will be held bound by the prior determination and estopped from relitigating the same issue. In re Barney, 94 N.J. Eq. 392,120 Atl. Rep. 513; John Simmons Co. v. Sloan,104 N.J. Law 612, 142 Atl. Rep. 15; Chicago Life Insurance Co. v.Cherry, 244 U.S. 25; Baldwin v. Iowa State, c., Association,283 U.S. 522.
It clearly appears herein that precisely the same issue involved herein, as to whether Mrs. Fischer was domiciled at the time of her death in New York or in New Jersey, was before the New York court; that the New York court was a court of competent jurisdiction (having general probate jurisdiction) to determine that issue; that it did determine it; that such determination was a final decree or judgment; and that the parties to the present proceeding were parties to that New York proceeding. The contest there, as here, was between Platto on the one side and Frederick Fischer, represented by his guardian, Mrs. Hobson, on the other. The present administrator, Mermelstein, was also a party to the New York proceeding and took an active part therein on the same side as the Fischer interest; he is also a party to the present proceeding although he has taken no active part herein. If the two daughters of Fischer, as individuals, are to be deemed parties to the present proceeding, (proctors in *Page 604 
their behalf have signed the stipulation of facts herein, although the daughters were not made respondents to the petition and order to show cause), they are privy in interest with Frederick Fischer in the New York suit. Their only interest must needs be solely as next of kin apparent of Frederick Fischer and hence possible or probable successors to his interest. They have no interest other than that derived or to be derived, through and from him.
It is contended on behalf of the Fischer interests that the New York court's determination is not conclusive in the present proceeding, either under the constitutional provision nor the principle of res adjudicata, because (it is argued) Mrs. Fischer was in fact domiciled in New Jersey, and in view of that (alleged) fact, the New York court did not have jurisdiction in the matter of the administration of her estate; that it is open to the parties to have this court hear and determine the issue of domicile, in order to determine whether the New York court had jurisdiction to determine that issue, because if this court finds that domicile to have been in New Jersey, it then results that the New York court did not have jurisdiction, was not "a court of competent jurisdiction," and hence its determination is not conclusive in the present proceeding; that the question of the jurisdiction of the foreign court to render the prior judgment set up as res adjudicata, is always open to collateral attack; citing certain authorities, including In re Dorrance, 115 N.J. Eq. 268; 170 Atl. Rep. 601. Suffice it to say that none of the cited authorities supports the proposition that the question of domicile, even as a jurisdictional factor, where it has been determined by a final judgment in a court of competent jurisdiction to determine the question of domicile, is nevertheless subject to collateral attack and open for determination in another proceeding in another court (whether of the same or another state) between the same parties who had been parties to the prior suit. In the Dorrance Case, for example, the determination of the Pennsylvania court, which was held not binding on the State of New Jersey (or its taxing authorities) in the proceeding brought by it in this court, was in a *Page 605 
proceeding to which the State of New Jersey had in nowise been a party.
Whether or not a party, in a contest inter partes, is bound by a prior adjudication, depends upon whether or not (1) the issue is the same; (2) the prior determination is a final adjudication (3) by a court of competent jurisdiction (4) in a proceeding to which the present parties (or those privy in interest with them) were parties. Where the prior adjudication was in a proceeding in rem, a person, in a subsequent proceeding involving the same issue, is bound by that adjudication, if he was a party to the prior proceeding or had due notice thereof and due opportunity to be heard therein;vide the authorities hereinbefore cited. Otherwise he is not so bound; In re Dorrance, supra, and cases cited; Baker v.Baker, Eceles Co., 242 U.S. 394.
If the original grant of letters by this court is deemed an adjudication that decedent was domiciled in New Jersey, — (this court would have the right to grant letters for administration of the assets in this state even though decedent were not domiciled here), — Platto is not bound thereby in the present proceeding for he was not a party to the prior proceeding in this court and had no notice or opportunity to be heard therein.
On the other hand, Fischer and his guardian, and the New Jersey substituted administrator are all bound by the determination in the New York proceeding, because they were all parties to that proceeding and not only had the opportunity to be heard therein, but therein actively litigated, against Platto, the same issue now sought by them to be relitigated against him herein. (The fullness and extent of that litigation is disclosed by the decree and the opinion in the New York suit, — in evidence in this proceeding.)
Moreover an additional ground or reason for estoppel against them exists in the present case, because the New Jersey substituted administrator, Mermelstein, (appointed at the instance of Fischer's daughter and subsequent guardian; identified in interest with Fischer, Fischer's guardian and Fischer's daughters; all represented in the present proceeding by the same proctor), applied, — obviously at the instance *Page 606 
of the Fischer interests, — for authorization, and was authorized by this court, in and during the pendency of this present proceeding, to prosecute actively an appeal from the determination of the New York surrogate's court, first to the New York supreme court and subsequently to the New York court of appeals, — and did so prosecute such appeals.
In addition: — not only is it true (as shown by the authorities cited earlier herein) that the same parties will not be permitted to litigate over again the same question which has been previously litigated between them, (and decided), in another court, — even where that question was as to a fact upon which the jurisdiction of the prior court depended; but in the instant case the issue as to the fact of domicile was determined by the New York court not, — or at any rate, not only, — as a fact upon which its jurisdiction rested, but also as an issue of which it had jurisdiction irrespective of whether that domicile was in New York or New Jersey.
The New York determination was in a consolidated, dual proceeding, — on a petition by Platto (resisted by Mermelstein and the Fischers) for grant of original or domiciliary letters of administration, and a petition by Mermelstein, as domiciliary administrator in New Jersey, (resisted by Platto) for grant to himself of ancillary letters in New York. Beyond question the New York court had jurisdiction to grant letters of administration for the assets in New York, irrespective of whether the decedent was domiciled in New York or New Jersey — or elsewhere. By statute of New York it must be shown, as a prerequisite to the issuance of ancillary letters, that original letters have been issued in the state of decedent's domicile. The New York court therefore, having jurisdiction of the subject-matter of the litigation, — the issuance of letters for the New York assets, — was required, in the exercise of that jurisdiction, to determine the fact of decedent's domicile in order to determine whether original or ancillary letters should be issued to Platto or Mermelstein. Both Platto and Mermelstein, and Fischer's guardian, subjected themselves, voluntarily, to the jurisdiction of the New York court. The determination of that issue as to domicile, by that court having jurisdiction of the subject-matter and of those parties, *Page 607 
precludes any further legal dispute between them as to that issue. Perth Amboy Dry Dock Co. v. Crawford,103 N.J. Law 440.
It results therefore that the respondent's denial of the allegation of New York domicile must be disregarded, — or regarded as stricken from the answer; that all of the allegations of the petition have been duly established; and that the remaining question before this court for determination is that arising upon a petition for the revocation of letters of administration issued by this (New Jersey) court, for the administration of the New Jersey assets of a New York intestate decedent, to Mermelstein, a stranger having no relationship to the decedent nor any interest in her estate, at the instance of the (representative of the) husband, Fischer, without notice to or appearance by decedent's brother Platto, who (because of decedent's New York domicile) had the right of intestate succession to a considerable share of decedent's estate; such issuance of letters having resulted from the representation, untrue in fact, made to this court by the husband Fischer, that the decedent had been domiciled in New Jersey (and hence that no one but himself, Fischer, had any interest in her estate); and the present petition for the revocation of those letters, and the issuance of letters to himself, instead thereof, being made by the said Platto, brother and sole next of kin to decedent and her administrator in the state of her domicile.
Concededly the State of New Jersey had the sole power and right to grant letters for the administration of the assets in this state; and hence in the exercise of that right, the New Jersey court is limited and controlled only by the law of this state and the practice in this court. The letters of administration issued in this state for the assets in this state of a decedent domiciled in New York would be letters of ancillary administration, not general, — administration ancillary to the general administration in the state of the domicile. Pisano v.B.M. and J.F. Shanley Co., 66 N.J. Law 1 (at pp. 6, 7);48 Atl. Rep. 618. The domiciliary administrator or executor in the foreign domicile is entitled to the assets in this state even as against the ancillary administrator in this state, save *Page 608 
only such portion thereof as is necessary for the payment of the creditors in this state. In re Heinze, 93 N.J. Eq. 672,117 Atl. Rep. 628; Potter v. First National Bank, c., 107 N.J. Eq. 72,151 Atl. Rep. 546.
Since the established fact is that decedent's domicile was New York, the letters issued by this court in September, 1933, would have been ancillary, not general, had it not been for the court's reliance on the representation of the then petitioner, Fischer, that that domicile was New Jersey. By section 29 of our Orphans Court act, 3 Comp. Stat. p. 3823, the general or domiciliary administrator has the prior right to the letters of ancillary administration in this state. Wall v. American Smelting, c.,Co., 91 N.J. Eq. 131; 108 Atl. Rep. 235. In September, 1933, no domiciliary administrator had been appointed in New York, so that the ancillary letters here could not be issued to such domiciliary administrator, and might well have been issued to Fischer, — he being the husband, and entitled to the larger share of the net estate under the statute of distribution of the domiciliary state, New York. But the letters issued to him would have been ancillary not general; and the finding or recital as to the decedent's domicile would have been New York and not New Jersey, had it not been for Fischer's representation aforesaid.
When Fischer became mentally incompetent a month or two later and application was made by his daughter for the revocation of his letters and the issuance of letters to someone else, Platto, being the brother and a distributee, (being indeed the only other person having any such interest) had the right under the law and practice in this state, to have notice of the hearing on that application and the opportunity to be heard thereat on the question as to whom should be appointed as substituted ancillary administrator. Prerog. Ct. Rules 4, 5. Even more important, — (notwithstanding that he had not been appointed domiciliary administrator in New York). — he also had the right that he himself, as next of kin and distributee, should be so appointed instead of the stranger Mermelstein. Orphans Court act, § 27;Sayre v. Sayre, 48 N.J. Eq. 267, 22 Atl. Rep. 198; Cramer v.Sharp, 49 N.J. Eq. 558, *Page 609 24 Atl. Rep. 962; Donahay v. Hall, 45 N.J. Eq. 720,18 Atl. Rep. 163, (as to substitutionary appointment).
Of those rights Platto was deprived, obviously as the result of the untrue representation by Fischer, above mentioned. If the letters to Fischer had been ancillary, and had had the finding or recital that decedent's domicile had been New York, this court would of course have required notice to be given to Platto, and would have appointed him instead of Mermelstein. The grant of letters to Mermelstein therefore clearly was improvidently made; and Platto is entitled to have that action reopened and to be accorded now, that right to be heard in respect of such appointment which should have been accorded to him at the time of the application in September, 1933, and again in November, 1933.
It may be argued that at the time of Mermelstein's appointment it had not then been determined that decedent's domicile was New York, and that Fischer and his daughter may have honestly believed that domicile was New Jersey. To such an argument it would seem that there are two sufficient answers.
First: — Platto charged, in his answer to Mermelstein's petition in New York for letters of ancillary administration, that Fischer had falsely and fraudulently represented to the prerogative court of New Jersey that decedent's domicile was New Jersey; and the New York surrogate, as appears by his opinion, found that that charge was true.
Second: — the fact that decedent's domicile was New York was afact which existed in September and November, 1933, notwithstanding that fact had not been yet, at that time, judicially ascertained to exist. The belief or finding of this court that that domicile was New Jersey was therefore in fact an erroneous and mistaken belief. And it is of course immaterial whether that erroneous belief or finding was the result of intentional fraud or of an honest mistake on the part of Fischer and his daughter, — it was the result of a representation by them which was in fact untrue; and the action of the court (based thereon and resulting therefrom), to the deprivation of, and injury to, the rights of the present petitioner *Page 610 
Platto, (who had neither caused, nor participated or acquiesced therein, nor had any opportunity to contest or prevent it) should equally in either case, in justice to Platto, be opened so as to accord to him the rights of which he had thereby been deprived.
Reopening the action and finding of this court of 1933; and according to Platto now, the opportunity to be heard on the question of the right to letters of ancillary administration, results in the revocation of Mermelstein's letters and the grant of ancillary letters to Platto. Mermelstein has no individual right to the issuance of letters to him, a stranger. Fischer's representatives have no right to have such letters issued to Mermelstein nor to themselves. Cf. In re Degnan, 75 N.J. Eq. 197,71 Atl. Rep. 668. Platto, as the general or domiciliary administrator has the prior right to the issuance of the ancillary letters in this state. Orphans Court act, § 29,supra; Executors' and Administrators' act, § 2b, 3 Comp. Stat.p. 2259.
The court is advised by counsel, (although the fact has not been made to appear of record herein by amendment to the pleadings), that Frederick Fischer has died intestate, subsequent to the submission of the briefs herein, leaving his two daughters, Mrs. Hobson and Mrs. Craner, as his next of kin. It is not perceived that this in anywise affects the conclusions above expressed. The two daughters have already appeared by proctor in this proceeding, (as hereinbefore mentioned) and the only interest which they could have had prior to, or can now have subsequent to, their father's death, is the same interest which he had and to which they have now succeeded as his representatives. Their rights can rise no higher than his; and they are affected and concluded by whatever affected or concluded him.
 *Page 1