**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4966-16T4

IN THE MATTER OF THE
ESTATE OF JERRY ANTHONY
SIRACUSA, III,

    Deceased.

_____

Argued May 16, 2018 — Decided June 27, 2018

Before Judges Manahan and Suter.

On appeal from Superior Court of New Jersey,
Chancery Division, Probate Part, Middlesex
County, Docket No. 251917.

Mark T. McMenamy argued the cause for
appellant Dawn Marie Schenck Coleman
(Bressler, Amery & Ross, attorneys; Mark T.
McMenamy, on the brief).

Amie E. DiCola argued the cause for respondent
Jerry Siracusa, Jr. (Fusco & Macaluso
Partners, LLC, attorneys; Amie E. DiCola, on
the brief).

PER CURIAM

    Plaintiff Dawn Marie Schenck Coleman appeals from an order

of the Chancery Division denying her application to substitute her

as the personal representative of the estate of Jerry Anthony

Siracusa, III (decedent) for administration and for prosecution of a wrongful death action. Decedent's father, defendant Jerry Siracusa, Jr., was appointed as personal representative upon application to the Surrogate.[1] Plaintiff, the birth mother and legal guardian to decedent's two children, argues that the court erred as a matter of law in denying her application. We agree and reverse.

On January 21, 2016, decedent died intestate as a result of injuries he sustained in a motor vehicle accident. At the time of his death, decedent had two sons, D.J.S.,[2] born in 2005, and C.A.S., born in 2008. As noted, plaintiff is the birth mother of both children. Plaintiff raised the children as a single parent from their births until her 2014 marriage to Ryan Coleman. She and decedent never married. The children's birth certificates did not list decedent as the father as he was incarcerated at the time and was unable to sign a Certificate of Parentage.

On February 10, 2016, defendant applied to the Middlesex County Surrogate's Court for appointment as the personal

---

[1] We refrain from use of the masculine and feminine forms of an estate's personal representative as a nuance "not worth preserving". Bryan A. Garner, Garner's Dictionary of Legal Usage, 810 (3rd ed. 2011).

[2] For purposes of confidentiality, we use initials to protect the identity of the children.

representative of his son's estate. The application listed only defendant, defendant's wife (decedent's mother) and two siblings as the survivors. Neither plaintiff nor the children were noticed of defendant's application or of his appointment.[3]

After his appointment, defendant retained counsel to represent the estate to institute a wrongful death action. Counsel provided a tort claim notice to relevant public entities.

The parties dispute how plaintiff came to learn of decedent's death and the circumstances leading up to defendant's appointment by the Surrogate. What is not in dispute is that when plaintiff became aware of decedent's death, she sought to confirm his paternity of the children and any entitlement by the children to social security benefits as survivors. After decedent's paternity was confirmed by DNA testing, plaintiff was appointed the legal guardian of the children's property.

Thereafter, plaintiff sought to have defendant voluntarily withdraw as the personal representative of the estate. When defendant refused to withdraw, plaintiff filed a verified complaint seeking to discharge defendant and to substitute her as the personal representative.

---

[3] Defendant claimed he did not name the children based upon the uncertainty of decedent's paternity.

At the conclusion of oral argument, the judge denied the relief sought by plaintiff. In doing so, the judge found that defendant had no beneficial interest in the estate and would not benefit personally from its administration. The judge further found that the sole issue was whether plaintiff or defendant would control the impending wrongful death action. Without reference to controlling law, the judge held that both parties had equal rights to serve as personal representative of the estate. As such, the judge did not remove defendant. However, the judge required defendant to keep plaintiff apprised of the status of the wrongful death action based upon her status as the children's legal guardian.

On appeal, plaintiff raises the following argument.

POINT I

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING [PLAINTIFF'S] REQUEST TO HAVE [DEFENDANT] DISCHARGED FROM CONTINUING TO SERVE AS ADMINISTRATOR AND ADMINISTRATOR AD PROSEQUENDUM.

N.J.S.A. 3B:10-2 provides that if a person dies intestate, the administration of the intestate's estate shall be granted to the surviving spouse or domestic partner of the intestate, if he or she will accept the administration. If not, or if there is no surviving spouse or domestic partner, the administration shall be

A-4966-16T4

granted to the remaining heirs of the intestate, or some of them, if they or any of them will accept the administration.

Where there is no widow, administration of the estate is to be granted to the next of kin unless they are subject to personally disqualifying objections or decline to accept the administration. The underlying principle is that administration shall be committed to those who are the ultimate or residuary beneficiaries; that is, to those to whom the residue of the estate will go, when the administration is completed. See In re Granting Admin., 117 N.J. Eq. 256, 257 (Prerog. Ct. 1934); Donahay v. Hall, 45 N.J. Eq. 720 (Prerog. Ct. 1889).

"The statutory mandate entitling next of kin to administer is limited to those next of kin who are heirs of the estate, for such is the true construction of the statutory words 'next of kin.'" In re Estate of Mellett, 108 N.J. Super. 181, 184 (1969) (quoting In re Fisher's Estate, 17 N.J. Super. 207, 209 (Cty. Ct. 1952)). In Mellett, this court held that next of kin to administer are those next of kin who are distributees of the estate because "the right of administration grows out of the right of distribution."

In pertinent part, N.J.S.A. 3B:5-4 provides:

> Any part of the intestate estate not passing to the decedent's surviving spouse or domestic partner under N.J.S.A. 3B:5-3, or the entire

intestate estate if there is no surviving spouse or domestic partner, passes in the following order to the individuals designated below who survive the decedent: (a) To the decedent's descendants by representation; (b) If there are no surviving descendants, to the decedent's parents equally if both survive, or to the surviving parent, except as provided in section 4 of P.L. 2009, c.43 (C.3B:5-14.1)[.]

N.J.S.A. 3B:12-38 provides in pertinent part that "[t]he appointment of a guardian of the estate of a minor or an incapacitated person vests in [the guardian] title as trustee to all property of his ward, presently held or thereafter acquired, including title to any property theretofore held for the ward by attorneys in fact." The right to file litigation on behalf of a minor is also within a guardian's powers.

When administration is granted by a court without notice to, and in disregard of the rights of, a person having an interest, whether such misrepresentation was the result of fraud or of mistake, this court will reopen the proceeding, on the application of the person whose rights were disregarded. Where, upon such reopening, it appears that the latter has a better right to such administration, this court will revoke the prior appointment. See In re Fischer's Estate, 118 N.J. Eq. 599 (Prerog. Ct. 1935).[4]

_____

[4] We note there are two statutes that address the removal of a fiduciary, N.J.S.A. 3B:14-18 (discharge from office of fiduciary)

We interpret the law to require the appointment of plaintiff as the personal representative of the estate in her capacity as legal guardian of the children who are the next of kin and the heirs of decedent's estate. To be sure, had either child attained the age of majority, it would be indisputable that the child would qualify to administer the estate. While there is no basis to disqualify defendant predicated upon his conduct while serving as the fiduciary, we hold that plaintiff's guardian status secures to her a more favored position than defendant to serve in that role.

We reverse the order and remand to the Chancery Division for the entry of an order consistent with our decision.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

and N.J.S.A. 3B:14-21 (removal for cause). We view the former statute to encompass requests by a fiduciary for discharge and the later statute to encompass improper conduct by a fiduciary such as neglect and embezzlement. Neither one of these scenarios is present here.