The petition in this matter is filed for the purpose of obtaining an order of distribution of a fund amounting to $8,248.02, representing the balance of the estate of James L. Hedden, deceased, ordered paid into this court upon the approval of the account of Charlotte V.K. Hedden, ancillary administratrix. This sum was ordered paid into court, as it appeared at that time that Ida F. Hedden was the domicillary administratrix of James L. Hedden, deceased, in the State of Ohio, and Charlotte V.K. Hedden was the domicillary administratrix in Pennsylvania. Since that time, on petition of Ida F. Hedden, the mother of the decedent, James L. Hedden, filed with the register of wills of Chester county, Pennsylvania, asking for revocation of the letters of administration granted by such register of wills to Charlotte V.K. Hedden, and after a hearing on such petition, such letters *Page 162 
were revoked. Charlotte V.K. Hedden filed an application in the probate court of Lucas county, Ohio, for the removal of Ida F. Hedden as domicillary administratrix of James L. Hedden, which application was heard by the court and denied. The question of the domicile of James L. Hedden was raised both in the application made in Chester county, Pennsylvania, and in Lucas county, Ohio, upon these two applications for revocation of letters, so that now the domicillary administratrix of James L. Hedden, is Ida F. Hedden, under her appointment in Lucas county, Ohio.
The question involved in the present application is whether the funds now in this court should be paid over to Ida F. Hedden as domicillary administratrix, duly appointed by the probate court of Lucas county, Ohio, or should be distributed by this court to the proper parties.
The decedent, James L. Hedden, died in July, 1925, leaving his widow, Charlotte V.K. Hedden, and an infant child, Patricia Hedden, who was four years of age at the date of her father's death. He was, at the time of his death, separated from his wife and child, and died in the State of Ohio. His mother, Ida F. Hedden, within the time limited by the laws of the State of Ohio, filed with herself, as administratrix of his estate, a formal proof of a claim for $2,481.84, said to represent money loaned by her to the decedent during his lifetime. There is also a claim of $348.94 for funeral expenses incurred, and administration expenses in the State of Ohio. Some effort was made to adjust the claim filed by Ida F. Hedden against her son's estate, which resulted in an agreement for a settlement being signed by the parties in interest, except the infant daughter. This agreement, however, was not carried out because of objections made by the daughter's guardian in her behalf.
At the time of the death of James L. Hedden, practically his whole estate consisted of his interest in an estate being administered in the Essex county orphans court in this state. After litigation in that court, followed by an appeal to the prerogative court, and an application to the court of chancery on behalf of Charlotte V.K. Hedden, the widow, the latter court directed the funds to be paid to her, and there came in *Page 163 
to her hands, as ancillary administratrix, the moneys from the estate of Elma R. Hedden, deceased, to which James L. Hedden was entitled. A suit was commenced by Ida F. Hedden against Charlotte V.K. Hedden, administratrix, in the New Jersey supreme court, in an endeavor to recover the amount of her claims against the estate of James L. Hedden, deceased. When the case came on for trial, the trial judge ordered a nonsuit because of lack of jurisdiction in a suit by a non-resident creditor of a non-resident decedent against an ancillary administratrix in this state, so that the validity of such claim has not yet been determined. There has also been some other litigation concerning the estate.
Without going into further discussion as to the matters connected with the estate which have resulted in so much litigation, it seems clear that there must be determined in the proper jurisdiction, the merits of the claim filed by Ida F. Hedden against the estate of her son, James L. Hedden, of which she is the domicillary administratrix, and such litigation as has taken place in this state having failed, I must conclude that her claim must be litigated in the State of Ohio, the domicile of the decedent as established as a result of litigation between Ida F. Hedden, the mother, and Charlotte V.K. Hedden, the widow. It appears herein that the practice in the State of Ohio, where a claim is filed by an administratrix against the estate which she is administering, the interest of the estate is safeguarded by the appointment by the court of an attorney to defend the estate, and it further appears that the litigation in connection with this claim is now held in abeyance in Ohio. Counsel for Charlotte V.K. Hedden, decedent's widow, and for the guardian of Patricia Hedden, decedent's daughter, has suggested that this court is a proper one to distribute these moneys to the persons entitled thereto. I have concluded, however, that this court should not assume jurisdiction to determine the claims which have been filed with the domicillary administratrix, nor do more than direct the payment of the moneys now on deposit in this court to Ida F. Hedden, as such domicillary administratrix, to be by her administered in the State of Ohio. The domicillary administratrix is entitled to the assets in this *Page 164 
state, save only such portion thereof as is necessary for the payment of debts due creditors in this state. Potter v. FirstNational Bank, c., 107 N.J. Eq. 72; In re Fischer, 118 N.J. Eq. 599.
There have been filed in this court exemplified copies of the various proceedings had in the courts of Pennsylvania and Ohio, determining that Ida F. Hedden is now the domicillary administratrix, and it appears that she has entered into a bond in a sum sufficient for the performance of her duties as administratrix.
A decree will be made directing that this fund be paid over to her, after deducting such costs and counsel fees as may be allowed at the time a decree is presented. *Page 165