BARKER, The JOSHUA. See Case No. 7,547.

BARKER v. LADD. See Case No. 17,352.

## Case No. 990.

**BARKER v. LADD et al.**

[3 Sawy. 44;[1] 6 Chi. Leg. News, 280.]

Circuit Court, D. Oregon. May 7, 1874.

ABATEMENT AND REVIVAL—CONTINUATION OF ACTION BY ADMINISTRATOR—LIMITATIONS.

1. The right of an administrator to prosecute an action commenced by the deceased. [judiciary act of 1789,] (1 Stat. 8, [page 90,] § 31,) is upon the condition that the cause of action survives, and that depends upon the local law—in Oregon, upon sections 365 and 366 of the Civil Code.

[Cited in Butler v. Poole, 44 Fed. 587.]

[See Hatfield v. Bushnell, Case No. 6,211.]

2. Section 34 of the Oregon Civil Code, which limits the time to one year, within which the court may allow an action to be continued by the administrator. applies to actions in this court. 17 Stat. 197, § 5, [Act June 1, 1872.]

[3. Cited in Kelly v. Herrall, 20 Fed. 365, to the point that, where an executor voluntarily appears in the action, judgment may be given for or against him with the same effect as if he had been brought in by scire facias.]

At law. On September 11, 1871, Abner H. Barker commenced an action in this court against William S. Ladd, John C. Ainsworth, Simeon G. Reed and Robert R. Thompson, for the recovery of $55,860.96 damages, alleged to have been incurred by him in the sale of his stock in the O. S. N. Co. by reason of the misrepresentations of the defendants concerning the same, while acting as directors of said company, and died on March 14, 1872; and on April 6, 1874, Joseph Simon was duly appointed administrator of said Barker's estate. Upon these facts, on April 16, 1874, said Simon applied for leave to continue the action as administrator of the deceased. [Motion denied.]

Joseph N. Dolph, for the motion.
William Strong, contra.

DEADY, District Judge. This application is opposed by the defendants upon the ground that it was not made within a year from the death of the plaintiff, Barker.

It is admitted that under the law of the state (Code Or. §§ 365, 366), and section 34 of the judiciary act [of September 24, 1789,] (1 Stat. 81, [92,]) that this cause of action survived.

The right of an administrator to maintain an action for such a cause is given by the law of the state; and such law, by said section 34, is made "the rule of decision" in this court.

Section 31 of the judiciary act provides that upon the death of a party to an action in the United States courts, before final judgment, "in case the cause of action doth survive," the administrator of such deceased party may prosecute or defend, as the case may be.

Neither this or any other law of the United States declares what causes of action shall

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

survive; therefore, under section 34 aforesaid, the law of the state furnishes the rule on the subject.

Under this section 31 the representative of the deceased party may voluntarily appear and make himself a party to the suit, and if he neglects or refuses to do so, the adverse party may, if he desire it, have a scire facias against him to compel him to do so. No time is limited within which these proceedings may take place. But the law of the state (Code Or. § 37) also provides that no action shall abate by the death of a party; and that "in case of the death of a party, the court may at any time within one year thereafter, on motion, allow the action to be continued by or against his personal representative."

This provision in relation to the time within which the application must be made, is a rule of practice, and under section 5 of the act of congress of June 1, 1872, "to further the administration of justice," (17 Stat. 197,) governs the practice in this court.

It is clear, then, that this motion comes too late and cannot be allowed. While both the law of the United States and the state authorize the administrator to become a party to the action in place of the deceased party, the law of the state goes farther, and in effect prescribes that this right must be exercised within one year, or else it is taken away or barred. It is a statute of limitations upon the right to maintain or continue this action.

Under a similar provision in the New York Code, (section 121,) in Re Borsdorff, 17 Abb. Pr. 171, it was held that the motion would not lie after the expiration of a year from the death.

The motion is denied, with costs.