### WHITTEN v. BENNETT et al.

(Circuit Court, D. Connecticut. December 4, 1896.)

1. CONFLICT OF LAWS—SURVIVAL OF ACTIONS.
   The question of the survival of actions against the estate of a decedent is determined by the law of the jurisdiction within which he was domiciled at the time of his decease, not by that of the jurisdiction where the cause of action arose.

**2. WRONGFUL ARREST—LIABILITY OF OFFICER—PROCESS.**
   An officer acting under process regular in form, based upon a proper indictment appearing of record, is not to be held liable for his acts because the grand jury made a mistake in finding the indictment.

W. H. Baker, for plaintiff.
W. L. Bennett, per se.
L. N. Blydenburgh, for John R. Leete.

TOWNSEND, District Judge. This is an action by George E. Whitten, of Newton, Mass., against William L. Bennett, of New Haven, Conn., executor of the will of Tilton E. Doolittle, deceased, late of said New Haven, and John R. Leete, of said New Haven. The complaint alleges that said Doolittle, while state's attorney for New Haven county, Conn., drew an indictment charging plaintiff, together with J. Edward Lee, with murder in the second degree, and, knowing that he had no evidence to support said indictment, handed it to the grand jury, and told them that, if they found probable cause against Lee, they should mark the indictment, "A true bill," and that, as plaintiff was not in the state, they were to pay no attention to it as connected with him; that the grand jury were satisfied that there was no case against the plaintiff, but, by mistake and clerical error, indorsed said indictment, "A true bill"; that although Doolittle knew that the grand jury did not indict the plaintiff, and that the indorsement was caused by said Doolittle's statements to them, he obtained a requisition, and sent the other defendant, Leete, to bring the plaintiff from Massachusetts; that Leete was instructed by Doolittle to bring the plaintiff with all speed and haste from Massachusetts, so that the plaintiff could not have the benefit of the writ of habeas corpus; that plaintiff was arrested by a warrant from the governor of Massachusetts, and taken to the police station at Newton; that the defendant Leete falsely and fraudulently represented to the marshal and keeper of the Newton police station that the plaintiff was charged with murder in the first degree,—an offense not bailable,—and that thereby the plaintiff was not admitted to bail in Massachusetts, as otherwise would have been the case, and was prevented from suing out a writ of habeas corpus; that plaintiff was a surgeon in good practice and of good reputation; that he was subjected to imprisonment and great indignity; suffered great pain of mind; lost a large part of his income; expended enormous sums of money in obtaining his release; and has been injured in his good name and practice. The damages claimed are $100,000.

To this complaint, the defendant Bennett demurs, upon the following grounds: (1) The cause of action does not survive against the executor. (2) The decedent, Doolittle, was not responsible, in a private action, for acts done by him as state's attorney within the line of his powers and duties. (3) It is not alleged that the prosecution was instituted without probable cause. (4) It is not alleged that the prosecution has been terminated by the acquittal or discharge of the plaintiff. (5) The complaint does not state a cause of action. Defendant Leete demurs, on the ground that the process was valid on its face, and that he was protected thereby, and that

the complaint does not allege that the prosecution is terminated.

Plaintiff claims, as to the defendant Bennett, that the process was founded upon an indictment not actually made by the grand jury, and was therefore wholly void, and in no way protected any one acting under it. The statutes of Massachusetts provide that certain injuries, which do not survive by the common law or by the statutes of the state of Connecticut, shall survive against the executor. Thus, an action for false imprisonment survives against the executor in Massachusetts. Plaintiff claims that, by means of said acts of the deceased, he was actually imprisoned in Massachusetts; that he has a good cause of action for injuries done in Massachusetts; and that as these would, by the laws of Massachusetts, survive against the executor, they must be held to so survive here. I do not understand that the Massachusetts statute limits the survival of such actions to those in which the causes of action arose in the state of Massachusetts. If, therefore, one should falsely imprison another in an adjoining state, and then remove to Massachusetts, and die, it would seem that the cause of action would survive against the executor there; or if the deceased had been domiciled in Massachusetts when he died, and his estate was in process of settlement there, I think an action of false imprisonment would lie against the executor, even though the imprisonment was done in Connecticut. But this is a common-law action for a personal wrong, alleged to have been committed by defendant's testator, who was domiciled in Connecticut at the time of his decease. The law of the jurisdiction within which the decedent was thus domiciled determines the nature and extent of the remedy for such wrongs. At the time of the alleged commission of said wrongs, there was no statute in Connecticut providing for the survival of actions therefor. "All private as well as public wrongs and crimes are buried with the offender. The executor does not represent or stand in the place of the testator as to them, or as to any acts of malfeasance or misfeasance to the person or property of another, unless some valuable fruits of such acts have been carried into the estate." Mitchell v. Hotchkiss, 48 Conn. 9, 16; Payne's Appeal, 65 Conn. 397, 408, 32 Atl. 948, 952; Hegerich v. Keddie, 99 N. Y. 258, 1 N. E. 787.

This conclusion renders it unnecessary to consider the other questions involved, so far as they affect the executor.

The defendant John R. Leete served the process. I cannot assent to plaintiff's claim that it was so far void as not to protect the person serving it. It is not disputed that the record in the Connecticut superior court shows a proper indictment, and that the papers are regular. The officer serving the process ought not to be obliged to inquire whether the grand jury made a mistake in doing what they did. The process was valid on its face, and protected him.

Both demurrers are sustained.