MEXICAN CENTRAL RAILWAY COMPANY V. CORA GOODMAN.

Decided December 7, 1898.

**1. Action for Personal Injury in a Foreign State.**

An action for personal injuries sustained by being ejected from a railroad car in the republic of Mexico is one arising from a tort, and is maintainable in this State without an allegation that the suit is authorized by the laws of Mexico.

**2. Same—Survival of Action to Wife.**

A cause of action for personal injuries to a husband in a foreign State does not survive here to the wife upon his death, unless there is a statute in the foreign State which causes the action to survive to her, as well as in the State where the action is brought.

**3. Same—Foreign Law Must Be Shown.**

In a wife's statutory action for injuries received by her husband in a foreign State, resulting in his death, it is necessary for plaintiff to establish the existence of a law in the foreign State that gives the right of action, as well as in the State where the action is brought.

**4. Same—Suit Not Abated—Wife May Prosecute.**

A wife may continue after the death of her husband a suit which was instituted by him for personal injuries sustained by her in a foreign State, but prosecuted in this State.

APPEAL from El Paso. Tried below before Hon. A. M. WALTHALL.

*Falvey & Davis,* for appellant.

*Beall & Kemp,* for appellee.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by Samuel Goodman to recover damages inflicted upon himself and wife through being ejected from a train belonging to appellant in the Republic of Mexico. The cause was tried upon the original petition and resulted in a verdict for Goodman. The cause was then appealed to this court, and was reversed and remanded. Railway v. Goodman, 43 S. W. Rep., 580. Afterwards the death of Samuel Goodman was suggested, and Cora Goodman, his surviving wife, was allowed as administratrix of the estate of Samuel Goodman, to prosecute the suit. Another trial was had, which resulted in a verdict and judgment for $2106.15 in favor of appellee.

The damages claimed arose out of the refusal to honor certain tickets held by appellee and her husband, and their ejectment from a train of appellant. The facts necessary to an understanding of the opinion are fully stated in our former opinion, and need not be restated.

This is an action for damages arising from a tort. Kelley v. Tel. Co., 17 Texas Civ. App., 344.

The first assignment presents as error the action of the court in overruling its special exceptions to the petition, the grounds of exception being that the petition showed that the injury was inflicted in the Republic of Mexico, and fails to allege that the cause of action of appellee's husband would survive to her under the laws of that country.

The damages sued for were for injury to the person of Samuel Goodman and his wife, the appellee in this case, and the action was maintainable in Texas without any allegation that such suit was authorized by the laws of Mexico, because such actions are sanctioned by the universal law, but the further and more difficult question arises, did the action of Goodman survive to his wife under the law of the forum, there being no allegation or proof as to the laws of Mexico on the subject?

Under the common law, as well as the civil law, the cause of action brought by Samuel Goodman for damages for his personal injuries would not survive his death. Watson v. Loop, 12 Texas, 12; Taney v. Edwards, 27 Texas, 224; Gibbs v. Belcher, 30 Texas, 81; Railway v. Richards, 68 Texas, 375.

It follows, therefore, that the action as to the personal injuries sustained by Samuel Goodman did not survive to his wife, unless the presumption will obtain, in the absence of proof, that the foreign law is the same as that of the lex fori. The matter must be viewed as though Mrs. Goodman had originally instituted the suit, no strength being added to the action by the fact that it was instituted by the husband during his lifetime. Did she have such cause of action after the death of her husband? We think not. Had the action been one that she could have brought at common law, it would be transitory and could be instituted anywhere that the offender might be found, but adhering to our opinion in Railway v. Mitten, 13 Texas Civil Appeals, 653, we hold that, "where the action is given by statute, and is not one that arose at common law, it becomes necessary for the plaintiff to establish the existence of a law in the foreign State that gives the right of action as well as in the State where the case is tried."

In the case of De Harn v. Railway, 86 Texas, 68, it is said: "It is settled law that the statute of a State which for a tort gives a right of action in derogation of the common law, or a right of action unknown to that law, can have no extraterritorial force." The only right Mrs. Goodman has to damages to the person of her husband after his death arises by virtue of a statute of this State. Art. 3353a.

In the case of Tempel v. Dodge, 89 Texas, 68, it is said: "In the absence of proof the court will presume the law of another State to be the same as the law of this State, and will not presume the common law to prevail." This language is broad enough to cover every action, whether arising out of tort or contract, and can be reconciled with the language of the De Harn Case only upon the hypothesis that the latter opinion had reference to cases arising out of contracts and not to those arising out of torts.

The opinion in the De Harn Case is supported by numerous authorities. McDonald v. Mallory, 77 N. Y., 548; Leonard v. Railway, 84 N. Y., 50; Hyde v. Railway, 61 Iowa, 441; Davis v. Railway, 143 Mass., 301; Wooden v. Railway, 126 N. Y., 10; State v. Clay, 100 Mo., 571.

We are of the opinion that the cause of action so far as it is based upon the injuries inflicted upon the mind and body of Samuel Goodman died

with him, unless it could be shown that there is in Mexico a similar statute to that of this State which causes such actions to survive. We do not think that the right of appellee to recover for the injuries she sustained was affected by the death of her husband. If he had died at the time the injuries were inflicted there can be no doubt that appellee could have maintained a suit for damages to her person, and there can be no reason why she should not be authorized to continue a suit after his death brought by him for personal injuries to her.

It follows that if the cause of action did not survive as to the injuries inflicted upon Samuel Goodman, testimony on that subject should not have been admitted in evidence.

The other assignments of error need not be considered.

For the reasons given the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Application for writ of error dismissed by the Supreme Court.