The bill is by a non-resident claimant of a cause for action against a foreign decedent to restrain two of the foreign executors of the decedent's estate from disposing of ten shares of the capital stock of the First National Bank of Morristown belonging to the estate, and to restrain the bank from transferring the same until the complainant can obtain ancillary letters of administration in this state, and the motion is for an injunction pendente lite. *Page 73 
The proofs show that the decedent, Killough, was a resident of Brooklyn, New York; that his will was admitted to probate in Kings county in that state, and that complainant and the two defendants are executors. He left an estate of three millions, of which there was in bank in this state $76,268.07, which the two defendant executors withdrew pending an application by the complainant to the surrogate of Morris county for letters of administration. The surrogate denied the application because the complainant was not a creditor and there were no assets in this state. From this ruling an appeal is pending. Since the denial the ten shares have been discovered and the complainant intends to make another application for letters of administration and renew the one denied, and she fears a withdrawal of the shares from the state before she can be heard. The complainant's claim against the estate is for personal injuries alleged to have been occasioned by the negligent driving of an automobile by the deceased in which she was a guest. The accident happened in Vermont and resulted in the death of the decedent. The complainant is a resident of New York and she has filed a claim with the domiciliary executors.
Equity will interfere to protect the assets of a decedent's estate from waste or loss, at the suit of interested parties, until letters of administration can be obtained. Conserving the assets for lawful administration is an approved function.Buchanan v. Buchanan, 75 N.J. Eq. 274. It will not, however, assert its jurisdiction, and stay domiciliary executors of a foreign estate in their control over assets in this state to assist a foreign claimant, resident of the decedent's domicile, to ancillary letters to enable her to sue in this state, and that obviously is the sole purpose of the bill. True, the statute provides that any claimant may have ancillary letters upon sixty-day default by foreign executors or administrators to apply for them, but as against the asserted right of possession by the foreign representatives, over assets in this state, this, in the light of the common law, must be construed to mean resident claimants. Assets of a foreign decedent in this state are vested in the domiciliary executors with right of possession *Page 74 
in them unless resident creditors have intervened and taken out letters for their protection. In In re Election of Cape May,c., Nav. Co., 51 N.J. Law 78. The rule of the common law finds confirmation in the statute. Comp. Stat. p. 2265. They may recover possession by suit in the courts of this state. Comp.Stat. p. 2265. No harm can come to the estate by removal of the assets and none to the complainant by leaving her to her remedy against the domiciliary executors in the forum of their common domicile, about which she has already made an election.
The complainant has no right to letters in the circumstances because she is not a resident of this state. She styles herself in the bill as of the borough of Brooklyn, county of Kings, city and State of New York, "now residing at 605 Beacon Boulevard, Sea Girt, New Jersey." That does not constitute her a resident. The bill was filed in August. Sea Girt is a summer resort. The description fits a summer householder or a boarder for the summer, a month, a week or a day.
The complainant has no right to letters and hence no right to the relief by her bill because she has no "debt or legal claim against such decedent which by the laws of this state survives against the personal representations of parties deceased." Orphans Court act, Comp. Stat. p. 3823. The cause of action, if any, arose in Vermont. Under the laws of that state she has no cause of action.
By an act approved March 13th, 1929, No. 78 (the accident occurred July 31st, 1929), it is provided that "the owner or operator of a motor vehicle shall not be liable in damages for injuries received by any occupant of the same occasioned by reason of the operation of said vehicle unless such owner or operator has received or contracted to receive pay for the carriage of said occupant, or unless such injuries are caused by the gross or wilful negligence of the operator." The complainant alleges neither contract nor gross or wilful negligence.
It does not appear that the cause of action survives by the laws of Vermont. The right to recover in an action of tort *Page 75 
arising in another state is governed by the laws of that state and is not one under our statute "which by the laws of this state survives against the personal representation of parties deceased."
The injunction will be denied.
The motion to dismiss the bill for want of equity must prevail.
The bill recites the complainant and the decedent, Killough, to be of the borough of Brooklyn, county of Kings, in the State of New York, and that the latter died testate and that some of his estate (the cash and the stock above mentioned) was in this state at the time of his death; the complainant's effort to obtain letters in this state, and her fears for the removal of the property out of the jurisdiction; the claim of the complainant for personal injuries and the charge that it survives by the laws of this state.
The bill fails, and purposely so, to state where the cause of action arose. The complainant and the decedent being nonresidents, it is not to be assumed that the accident occurred in this state and the allegation that the cause of action survived by the laws of this state is to be regarded, in the absence of fact to give it color, as a mere legal conclusion. The accident having happened elsewhere as it is assumed survival is not to be presumed. Actions, in tort, do not survive death at common law (Ten Eyck v. Runk, 31 N.J. Law 428), and the common law is presumed to exist in other states until statutes changing them are shown to the contrary.
The bill will be struck out. *Page 76