BLANCHE FRIEDMAN, PLAINTIFF-APPELLANT, v. IRVING GREENBERG, ADMINISTRATOR OF THE ESTATE OF CHARLES FRIEDMAN, DECEASED, DEFENDANT-RESPONDENT.

Submitted February 18, 1933—Decided April 28, 1933.

For the appellant, *Feder & Rinzler*.

For the respondent, *McCarter & English* (*Herbert R. Baer* and *Augustus C. Studer, Jr.*, of counsel).

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff below appeals from a judgment entered in favor of the defendant in the Supreme Court at the Passaic Circuit on defendant's motion before trial in an action by the plaintiff, who is the daughter of Charles Friedman, deceased, against the administrator of her father's estate after her father's death.

The motion was made pursuant to rule 26, Practice act 1912 (now rule 40), on the pleadings (to which was added a stipulation) upon the ground that no cause of action was disclosed against the defendant.

Briefly stated, the complaint charged that plaintiff was riding as an invitee with her father in his automobile in the State of New York; that by reason of her father's negligent driving an accident occurred which resulted in her injury and her father's death, and plaintiff claimed damages from her father's estate on account of her injuries. The answer of the defendant was a general denial. The stipulation entered into by the plaintiff and defendant was that "under the law of the State of New York in an action *ex delicto* as *is involved* in this suit, the common law applies, to the effect that the cause of action will not survive the death of either party, and in the State of New York, where the accident occurred, this plaintiff would have no cause of action against the defendant herein, the administrator of the deceased tort feasor."

As we see it, the question now before this court is whether the court erred in entering judgment for the defendant on the pleadings and stipulation before it. That, of course, turns upon the question whether the plaintiff has a cause of action against the defendant administrator for a tort which was committed by defendant's intestate in the State of New York, as a result of which the tort feasor himself died.

We believe no such cause of action was disclosed.

It is clear that by the rules of the common law no such suit could be maintained. *Ten Eyck* v. *Runk,* 31 *N. J. L.* 428.

It is true that in New Jersey we have a remedial statute permitting the survivorship of tort actions against the execu-

tor or administrator of the tort feasor. *Comp. Stat., p.* 2260, § 5; *Tichenor* v. *Hayes, Admrx.,* 41 *N. J. L.* 193; *Hackensack Trust Co.* v. *Vanden Berg,* 88 *Id.* 518. However, as we have seen, it was stipulated that under the law of the State of New York, where this accident occurred, there is no such statute; that under the law of that state the common law rule applies, and that the plaintiff herein would have had no cause of action against the defendant.

Now it has been repeatedly decided that where, as here, the tort occurs in New York, even though the action is brought in a state which has a survival statute, the law of New York governs, and the action does not survive and cannot be maintained in a state having a survival statute (such as New Jersey has) when begun after the death of the tort feasor.

It is clear that, the accident having occurred in New York state, the question of liability is governed by the law of that state. *Harber* v. *Graham,* 105 *N. J. L.* 213.

Ignoring for the moment the stipulation in the present case, the rule is that where there is no proof of a foreign statute changing the common law, it will be presumed that the common law prevails in the sister state. Moreover, in *Rankin* v. *Central Railroad,* 77 *N. J. L.* 175, it was said that where "there is no averment in the declaration that there is any statute in that state (where the accident occurred) which would entitle the plaintiff to recover, and no proof can be introduced to support an action for damages resulting from the death of the deceased through the negligence of the defendant, *because in the absence of such statute the presumption is that the common law rule prevails, and in order to prove that there is such a statute in a sister state it must be averred in the pleadings.*"

A well considered case directly in point and to the effect that a survival statute of Connecticut cannot keep alive a cause of action which was extinguished by the death of the tort feasor by the laws of the State of New York, where the tort occurred, is *Orr* v. *Ahern,* 139 *Atl. Rep.* (*Sup. Ct. of Errors of Connecticut*—1928) 691. In that case the plaintiff was a resident of Connecticut and sought to recover damages for personal

injuries alleged to have been sustained by reason of the negligent conduct of the defendant administrator's intestate in the State of New York. The defendant demurred upon the ground that the action did not survive at common law and the complaint did not allege that in the State of New York the action survived against the estate of the defendant's intestate. The court held that the New York law had created the right of action for the wrong and that the New York law which gave the right could take it away, and when, by its law, the death of the tort feasor abated the right of action for the wrong, the right no longer existed in that jurisdiction or thereafter in any jurisdiction. The plaintiff in Connecticut contended that this action survived by reason of a survival statute of the State of Connecticut similar to that of the State of New Jersey. The court, in its opinion, stated that where the action was commenced only after the death of the tort feasor against his administrator, such action could not be maintained in Connecticut by force of its own statute in view of the absence of the right to maintain the action against the administrator in New York.

Another well considered case to the same effect is that of *Needham, Adm'x*, v. *Grand Trunk Railway Co.*, 38 *Vt.* 294. That was an action brought in Vermont for an injury resulting from negligence to one of its residents while in New Hampshire. New Hampshire at that time had no statute of survivorship; Vermont had. The Supreme Court of Vermont refused to permit the action. The court said: "A cause of action, which by the rules of the common law is extinguished by the death of the party, is by such death fully discharged, unless the cause of action survives by force of some statute law of the state where the cause of action accrued." (Citing many cases.)

In our own state the principles pertinent to the present case have been fully recognized in the case of *Potter* v. *First National Bank of Morristown*, 107 *N. J. Eq.* 72. There the facts were that the complainant was a passenger in the automobile of the decedent. An accident occurred in the State of Vermont which resulted in personal injuries to the com-

plainant and in the death of the decedent. The complainant, a resident of New York, sought to obtain ancillary letters of administration in this state, claiming that there was property of the decedent in New Jersey, and desired to proceed with suit against the decedent's estate here for her personal injuries. In denying the complainant relief, Vice-Chancellor Backes held that she had no right to letters, and hence no right to relief by her bill, because she had no claim against the decedent which by the laws of this state survived against the personal representatives of the deceased. He said: "It does not appear that the cause of action survives by the laws of Vermont. The right to recover in an action of tort arising in another state is governed by the laws of that state and is not one under our state 'which by the laws of this state survives against the personal representation of parties deceased.' * * * The accident having happened elsewhere * * * survival is not to be presumed. Actions, in tort, do not survive death at common law (*Ten Eyck* v. *Runk,* 31 *N. J. L.* 428), and the common law is presumed to exist in other states until statutes changing them are shown to the contrary."

For the reasons indicated herein we consider that the judgment for the defendant was quite justified on the pleadings and stipulation (*Lehigh Valley Railroad Co.* v. *United Lead Co., 102 N. J. L.* 545), and we have not found it necessary to consider other questions argued.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.