MARIE RATHGEBER AND HARRY RATHGEBER. PLAINTIFFS-APPELLANTS, v. OLGA SOMMERHALDER, ADMINISTRATRIX OF THE ESTATE OF EDWARD SOMMERHALDER, DECEASED, DEFENDANT-RESPONDENT.

Submitted February 16, 1934—Decided April 12, 1934.

For the appellants, *Hyman Busch*.

For the respondent, *McCarter & English*.

The opinion of the court was delivered by

WELLS, J.  This is an appeal from a judgment entered in the Bergen County Circuit Court, in favor of the defendant, after the trial court had stricken out plaintiffs' complaint.

The suit was brought by the plaintiffs to recover for injuries sustained by them in an accident which occurred in the State of New York, while the plaintiffs were passengers in the automobile owned and operated by Edward Sommerhalder.

The complaint alleges that the plaintiffs were riding in the automobile by invitation of Edward Sommerhalder and that the accident and resultant injuries were occasioned by his negligence.

The suit was originally brought against Edward Sommerhalder, who filed an answer.  Before the case came on for trial, Edward Sommerhalder died, and on motion of the plaintiffs, his administratrix, Olga Sommerhalder, the respondent here, was substituted as a party defendant.  At the trial the substituted defendant moved for judgment on the pleadings and a rule for judgment was entered striking out the complaint and ordering judgment in favor of the defendant and against the plaintiffs, on the ground that the cause of action did not survive the death of the original defendant.

The plaintiffs-appellants state as the sole ground of appeal that the trial court erred in entering a judgment of nonsuit.

The trial court held that inasmuch as the accident occurred in New York the law of New York governed, and, there being no averment in the complaint that there was any statute in the State of New York, which would entitle the plaintiffs to recover, the presumption was that in the absence of such statute the common law rule prevailed, namely, that this action did not survive against the present defendant.  This was admitted in open court by the attorney of plaintiffs to be the New York law.

Appellants claim that the question as to the revival of this action against the administratrix is governed by the laws of the State of New Jersey.

The question before us is whether the *lex loci* or *lex fori* is to be applied.

The precise point has never been decided in this state, but *Friedman* v. *Greenberg,* 110 *N. J. L.* 462, is identical with the present case in all material respects save one.

In that case the action was not begun until *after* the death of the tort feasor and Mr. Justice Trenchard, who delivered the learned opinion for this court, said:

"Now, it has been repeatedly decided that where, as here, the tort occurs in New York, even though the action is brought in a state which has a survival statute, the law of New York governs, and the action does not survive and cannot be maintained in a state having a survival statute (such as New Jersey has) when begun after the death of the tort feasor."

But, say the appellants, the Friedman case dealt only with an action "begun *after* the death" of the tort feasor and is not applicable to the instant case where the suit was begun before the death of the tort feasor, and that a different rule therefore applies here.

Appellants cite cases which hold that whether an action should survive in such cases, is a matter of policy to be settled by each state for itself; that it goes to the remedy alone; that such remedies are not extraterritorial. And appellants say that the authorities of other jurisdictions uniformly hold that the survival of an action for personal injuries, pending at the time of the death of either of the parties is governed by the law of the place where the action is pending, and not by the law of the state where the cause of action arose.

It is not necessary to examine the various conflicting judicial pronouncements by the courts of our sister states in order to ascertain and adopt the best for the State of New Jersey. The legislature of our state has decided this question for us by the enactment of the statute to prevent the abatement of suits (1 *Comp. Stat.* 1910, *p.* 4), by section 3 of

which is provided that if a defendant die after complaint is filed and before final judgment, an action shall not abate, provided such action might be originally prosecuted or maintained against the executors or administrators of such defendant.

The inquiry in this case therefore is, whether this action was of such a nature, that it could have been originally brought against the personal representatives of Edward Sommerhalder, the defendant.

The ruling in *Friedman* v. *Greenberg, supra,* is that such action could not have been prosecuted or maintained against the defendant administratrix in the first instance and it seems to us that this disposes of the present case.

We might say in passing that we do not think that section 5 of the Executors and Administrators act (2 *Comp. Stat., p.* 2260), which deals with survival, and which appellants insist justifies their contention that the action survives in New Jersey, is applicable to the instant case. The cause of action arose in New York and New Jersey applies to it, not the New Jersey statute on survival, but the New York law.

We are of the opinion that the judgment of the Circuit Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.

*For reversal*—None.