### WINSLOW v. DOMESTIC ENGINEERING CO. et al.

District Court, S. D. New York.
Aug. 16, 1937.

W. Morton Carden, of New York City, for Mary C. Winslow.

Hughes, Richards, Hubbard & Ewing, of New York City (Curtiss Ely Frank, of New York City, of counsel), for defendant Domestic Engineering Co.

LEIBELL, District Judge.

This action was originally commenced in the New York Supreme Court, New York county, and later removed to this court. Plaintiff was a resident of New York and defendant a corporation incorporated under the laws of the state of Illinois. Several motions were made by defendant with respect to the jurisdiction of the court over said defendant; it was decided that defendant was doing business in this state so as to be subject to process here (see opinion of Hulbert, D. J., 20 F.Supp. 576, dated March 31, 1936) and that the complaint did not so touch the corporate management of defendant corporation as to deprive the court of jurisdiction (see memorandum of Knox, D. J., dated May 7, 1936).[1] By order, dated October 5, 1936, the original complaint was dismissed for misjoinder of causes of

---

[1] No opinion for publication.

action, and on October 24, 1936, the present amended complaint was served. It sets forth three causes of action against the defendant corporation:

"(1) An action for damages resulting from the defendant's alleged refusal to split up the plaintiff's stock holdings in the defendant company, now represented by a single certificate, into separate certificates, each for a lesser number of shares and aggregating the same number of shares.

"(2) Damages because of the failure of the defendant company to supply the plaintiff with weekly and monthly financial statements.

"(3) Salary alleged to have been due to the plaintiff for his alleged services to the company as its vice-president in charge of its New York office for the fiscal year from February 1934 to February 1935."

On November 13, 1936, defendant served an answer to the amended complaint, and on December 3, 1936, an amended answer was served containing two counterclaims. These are:

"(1) For damages resulting from the plaintiff's inattention to duty and misconduct in office while he was acting as its vice-president in charge of its New York office, as aforesaid.

"(2) For damages resulting from the plaintiff having brought a groundless suit against the defendant company."

On February 9, 1937, plaintiff died a resident of New York county, and on May 13, 1937, Mary C. Winslow, the deceased's mother, was appointed administratrix c. t. a. by an order of the Surrogate's Court, New York county.

This motion is made by defendant corporation to require the administratrix of the deceased plaintiff to become a party to this action, to continue the suit as to the third cause of action and the two counterclaims, and to sever and dismiss the first two causes of action as having abated by plaintiff's death.

Defendant in its brief has cited section 778 of title 28, United States Code (28 U.S.C.A. § 778), which was formerly section 955 of the United States Revised Statutes. Defendant argues that the right to revive plaintiff's action depends upon the law of Illinois; that the alleged causes of action pleaded in the complaint arose in Illinois; and that under the law of

Illinois the first and second causes of action of the complaint would abate on plaintiff's death. However, there is a clear distinction between the survival of a cause of action or claim and the revivor of an action already instituted. On the question of revivor, the law of the state where the action was commenced, in this instance New York, governs. See Baltimore & Ohio R. R. Co. v. Joy, 173 U.S. 226, at pages 229 to 230, 19 S.Ct. 387, 389, 43 L.Ed. 677, from which the following is quoted:

"We are of opinion that the above section is not to be so construed. In our judgment, a right given by the statute of a state to revive a pending action for personal injuries in the name of the personal representative of a deceased plaintiff is not lost upon the removal of the case into a federal court. Section 955 of the Revised Statutes may reasonably be construed as not applying to an action brought in one of the courts of a state whose statutes permit a revivor in the event of the death of a party before final judgment. Whether a pending action may be revived upon the death of either party, and proceed to judgment, depends primarily upon the laws of the jurisdiction in which the action was commenced. If an action be brought in a federal court, and is based upon some act of congress, or arises under some rule of general law recognized in the courts of the Union, the question of revivor will depend upon the statutes of the United States relating to that subject. But if, at the time an action is brought in a state court, the statutes of that state allow a revivor of it on the death of the plaintiff before final judgment,—even where the right to sue is lost when death occurs before any suit is brought,—then we have a case not distinctly or necessarily covered by section 955. Suppose Hervey had died while the action was pending in the state court, and it had been revived in that court; nevertheless, after such revival, if diverse citizenship existed, it could have been removed for trial into the federal court, and there proceeded to final judgment, notwithstanding section 955 of the Revised Statutes of the United States. If this be so, that section ought not to be construed as embracing the present case. Nor ought it to be supposed that congress intended that, in case of the removal of an action from a state court on the petition of the defendant prior to

the death of the plaintiff, the federal court should ignore the law of the state in reference to the revival of pending actions, and make the question of revivor depend upon the inquiry whether the cause of action would have survived if no suit had been brought. If congress could legislate to that extent it has not done so. It has not established any rule that will prevent a recognition of the state law under which the present action was originally instituted, and which, at the time the suit was brought, conferred the right, when the plaintiff in an action for personal injuries died before final judgment, to revive in the name of his personal representative. Cases like this may reasonably be excepted out of the general rule prescribed by section 955."

██ Under the law of New York all the causes of action in the amended complaint and the counterclaims in the answer survive, or continue, whether they be deemed ex contractu or ex delictu.

Section 84 of the New York Civil Practice Act provides:

"§ 84. *Proceedings when sole party dies and action survives.* In case of the death of a sole plaintiff or a sole defendant, if the cause of action survives or continues, the court, upon a motion, must allow or compel the action to be continued by or against his representative or successor in interest."

Sections 116, 118, and 119 of the New York Decedent Estate Law (Consol.Laws, c. 13) provide:

"§ 116. *Actions upon contract by and against executors.* Actions of account, and all other actions upon contract, may be maintained by and against executors, in all cases in which the same might have been maintained, by or against their respective testators."

Section 117 provides: "Administrators to have same rights and liabilities as executors."

"§ 118. *Actions against executors or administrators for injury to person or property.* No cause of action for injury to person or property shall be lost because of the death of the person liable for the injury. For any injury an action may be brought or continued against the executor or administrator of the deceased person."

"§ 119. *Actions by executors or administrators for injury to person or property.*

No cause of action for injury to person or property shall be lost because of the death of the person in whose favor the cause of action existed. For any injury an action may be brought or continued by the executor or administrator of the deceased person."

The motion by the defendant Domestic Engineering Company to require the administratrix of the deceased plaintiff to become a party to the action and to continue the suit is granted, and the motion to sever and dismiss the first two causes of action as having abated by plaintiff's death is denied.

Settle order on notice.