ANNA C. SILVERMAN and Others, Plaintiffs, *v.* " MITCHELL " RAP-PAPORT, First Name " Mitchell " Being Fictitious, and True First Name Being Unknown, Defendant.

Supreme Court, Kings County, October 20, 1937.

*Frederick M. Garfield,* for the plaintiffs.

*John P. Smith,* for the defendant.

RIEGELMANN, J.   On July 4, 1935, Abraham Silverman was killed, and his wife and son injured, as a result of an automobile collision which occurred in the State of Pennsylvania. The accident was caused allegedly by the negligence of the defendant. All parties at the time here involved were residents of the State of New York. On September 3, 1935, and December 16, 1935, actions were commenced in this State to recover for the personal injuries sustained by wife and son, and for the wrongful death occasioned to Mr. Silverman. Subsequently these actions were consolidated under the above-entitled caption. On May 30, 1937, the defendant died in the city of Rochester, N. Y. Plaintiffs now move for leave to substitute the personal representatives of the deceased defendant in the latter's stead and for permission to continue the litigation to final judgment.

At the time of the occurrence of the accident here in question, the law of this State precluded any remedy in favor of an injured person upon the death of the wrongdoer prior to the entry of judgment, for it was then the rule that an abatement of the action would follow the death of the tort feasor. Plaintiffs urge, however, that under the applicable laws of the State of Pennsylvania (20 P. S. Pa. §§ 771, 772), an action of this character survives the death of the wrongdoer, and that, since that State is the locus of the tort, the law thereof must be accepted as controlling herein with respect to the existence and extent of any liability which may be imposed upon the estate of the deceased tort feasor.

It may, of course, be stated as a general proposition that, unless interdicted by our own public policy, the courts of this State may be resorted to for the enforcement of obligations validly created by the law of a foreign jurisdiction. In *Herzog* v. *Stern* (264 N. Y.

379, 382), which was decided prior to September 1, 1935, the Court of Appeals decided, however, that, under the statutory and common law as then applicable in this State, an action similar to the present one could not be maintained here. In that case it appeared that the plaintiff had been injured in the State of Virginia through the negligence of the decedent, who was a resident of the State of New York. The plaintiff instituted suit in New York against the decedent's executors and relied upon a Virginia statute which, similar to the above-mentioned Pennsylvania statute, permitted the continuance of an action after the death of the tort feasor. It was held that the courts of New York were vested with no jurisdiction to entertain the suit. The court stated: " The question, however, is not whether the cause of action created by the laws of the State of Virginia survives the death of the wrongdoer, but whether the law of this State permits the representative of the deceased wrongdoer to be sued on such a claim. * * * The rights and obligations of executors and administrators appointed by our courts are defined by our law, and our courts are without jurisdiction to grant a judgment binding on the executors or administrators appointed here unless our law makes provision for such actions against executors and administrators. * * * The Legislature has declared the public policy of this State when it provided that no action for personal injuries may be maintained against the executors or administrators of a decedent who resided in this State."

The rule as enunciated in the *Herzog* case remained the law of this State until September 1, 1935. Effective as of that date, section 118 of the Decedent Estate Law was amended by chapter 795 of the Laws of 1935 (§ 1), to permit, as in Virginia and Pennsylvania, the maintainance of an action by an aggrieved party against the estate of a deceased tort feasor. Plaintiffs seize upon the amendment to argue that now the courts of this State are jurisdictionally competent to entertain an action arising upon the similar statute of Pennsylvania. The amendatory statute, however, contains a limitation which is fatal to plaintiffs' contention. Section 7 thereof reads: " This act shall apply to all causes of action for injury to person or property arising after the effective date hereof. All causes of action arising before this act takes effect shall be governed by existing law. "

Section 8 states that the act shall become effective as of September 1, 1935.

The accident in question, as before stated, occurred prior to September 1, 1935, to wit, on July 4, 1935. The " existing law "

as of that time, as revealed by reference to the *Herzog* case, did not permit the maintenance of an action against the estate of a deceased tort feasor irrespective whether the situs of the wrong was in this State or in a jurisdiction whose statutes expressly recognized the liability of the estate to the injured party. Plaintiffs are bound by the law as it existed in this jurisdiction as of July 4, 1935. They may not, therefore, invoke the benefit of the amendment to section 118.

Plaintiffs contend, however, that the Legislature did not intend that the prosecution of a cause of action validly arising in a foreign jurisdiction prior to September 1, 1935, was to be barred in the courts of this State by the limitation prescribed in the statute. They argue, on the contrary, that the limitation is intended to embrace only those actions which arose within this State; that, if the cause of action validly accrued in a foreign jurisdiction, it may be maintained herein irrespective of the time of its accrual. The contention must be rejected as unsound.

The *Herzog* case was decided by the Court of Appeals on May 23, 1934. It must, therefore, be assumed, under ordinary principles of statutory construction, that the Legislature was cognizant of that decision when it thereafter enacted the provision of law which has been herein discussed. Significance, therefore, must necessarily be given to the fact that the Legislature did not differentiate with respect to the effective date of the amendment between causes of action arising in this State and those arising in other jurisdictions. Plaintiffs' argument to the effect that the limitation contained in the amendment does not include causes of action which accrued prior to September 1, 1935, in other jurisdictions thus fails. If the Legislature had intended that the courts of this State were empowered to continue against the estate of the tort feasor actions which arose in other States prior to September 1, 1935, it is fair to conclude that it would have expressly so stated. The plaintiffs' motion must be denied. The cross-motion for an order declaring the action abated because of the defendant's death is granted. Settle order on notice.