[Sac. No. 6416. In Bank. Dec. 23, 1953.]

WILLIAM R. GRANT, Appellant, v. FRANK H. McAULIFFE, as Administrator, etc., Respondent.

[Sac. No. 6417. In Bank. Dec. 23, 1953]

RUSSELL M. MANCHESTER, Appellant, v. FRANK H. McAULIFFE, as Administrator, etc., Respondent.

[Sac. No. 6418. In Bank. Dec. 23, 1953.]

DOYLE O. JENSEN, Appellant, v. FRANK H. McAULIFFE, as Administrator, etc., Respondent.

J. Oscar Goldstein, P. M. Barceloux, Burton J. Goldstein and Goldstein, Barceloux & Goldstein for Appellants.

Honey & Mayall and John J. Hurley for Respondent.

TRAYNOR, J.—On December 17, 1949, plaintiffs W. R. Grant and R. M. Manchester were riding west on United States Highway 66 in an automobile owned and driven by plaintiff D. O. Jensen. Defendant's decedent, W. W. Pullen, was driving his automobile east on the same highway. The two automobiles collided at a point approximately 15 miles east of Flagstaff, Arizona. Jensen's automobile was badly damaged, and Jensen, Grant, and Manchester suffered personal injuries. Nineteen days later, on January 5, 1950, Pullen died as a result of injuries received in the collision. Defendant McAuliffe was appointed administrator of his estate and letters testamentary were issued by the Superior Court of Plumas County. All three plaintiffs, as well as Pullen, were residents of California at the time of the collision. After the appointment of defendant, each plaintiff presented his claim for damages. Defendant rejected all three claims, and on December 14, 1950, each plaintiff filed an action against the estate of Pullen to recover damages for the injuries caused by the alleged negligence of the decedent. Defendant filed a general demurrer and a motion to abate each of the complaints. The trial court entered an order granting the motion in each case. Each plaintiff has appealed. The appeals are

based on the same ground and have therefore been consolidated.

The basic question is whether plaintiffs' causes of action against Pullen survived his death and are maintainable against his estate. The statutes of this state provide that causes of action for negligent torts survive the death of the tort feasor and can be maintained against the administrator or executor of his estate. (Civ. Code, § 956; Code Civ. Proc., § 385; Prob. Code, §§ 573, 574.) Defendant contends, however, that the survival of a cause of action is a matter of substantive law, and that the courts of this state must apply the law of Arizona governing survival of causes of action. There is no provision for survival of causes of action in the statutes of Arizona, although there is a provision that in the event of the death of a party to a pending proceeding his personal representative can be substituted as a party to the action (Arizona Code, 1939, § 21-534), if the cause of action survives. (Arizona Code, 1939, § 21-530.) The Supreme Court of Arizona has held that if a tort action has not been commenced before the death of the tort feasor a plea in abatement must be sustained. (*McClure* v. *Johnson*, 50 Ariz. 76, 82 [69 P.2d 573]. See, also, *McLellan* v. *Automobile Ins. Co. of Hartford, Conn.*, 80 F.2d 344.)

Thus, the answer to the question whether the causes of action against Pullen survived and are maintainable against his estate depends on whether Arizona or California law applies. In actions on torts occurring abroad, the courts of this state determine the substantive matters inherent in the cause of action by adopting as their own the law of the place where the tortious acts occurred, unless it is contrary to the public policy of this state. (*Loranger* v. *Nadeau*, 215 Cal. 362 [10 P.2d 63, 84 A.L.R. 1264].) "[N]o court can enforce any law but that of its own sovereign, and, when a suitor comes to a jurisdiction foreign to the place of the tort, he can only invoke an obligation recognized by that sovereign. A foreign sovereign under civilized law imposes an obligation of its own as nearly homologous as possible to that arising in the place where the tort occurs." (Learned Hand, J., in *Guinness* v. *Miller*, 291 F. 769, 770.) But the forum does not adopt as its own the procedural law of the place where the tortious acts occur. It must, therefore, be determined whether survival of causes of action is procedural or substantive for conflict of laws purposes.

This question is one of first impression in this state. The precedents in other jurisdictions are conflicting. In many cases it has been held that the survival of a cause of action is a matter of substance and that the law of the place where the tortious acts occurred must be applied to determine the question. (*Burg* v. *Knox,* 334 Mo. 329, 335-338 [67 S.W.2d 96]; *Chubbuck* v. *Holloway,* 182 Minn. 225, 227-230 [234 N.W. 314, 868], followed in *Kerston* v. *Johnson,* 185 Minn. 591, 593 [242 N.W. 329]; *Davis* v. *New York & N. E. R. Co.,* 143 Mass. 301, 305-306 [9 N.E. 815]; *Hyde* v. *Wabash, St. L. & Pac. Ry. Co.,* 61 Iowa 441, 444 [16 N.W. 351, 47 Am.St.Rep. 820] [but see *Gordon* v. *Chicago, R. I. & P. Ry. Co.,* 154 Iowa 449, 451 [134 N.W. 1057, Ann.Cas. 1915B 113]]; *Mexican Cent. Ry. Co.* v. *Goodman,* 20 Tex.Civ.App. 109, 110 [48 S.W. 778] [but see *Texas & Pac. Ry. Co.* v. *Richards,* 68 Tex. 375, 378 [4 S.W. 627]]; *Needham* v. *Grand Trunk Ry. Co.,* 38 Vt. 294, 307-311; *Ormsby* v. *Chase,* 290 U.S. 387, 388 [54 S.Ct. 211, 78 L.Ed. 378], followed in *McIntosh* v. *General Chem. Defense Corp.,* 67 F.Supp. 63, 64, *Woollen* v. *Lorenz,* 98 F.2d 261, 262 [68 App.D.C. 389], *Gray* v. *Blight,* 112 F.2d 696, 697-698, and *Muir* v. *Kessinger,* 35 F.Supp. 116, 117; *Orr* v. *Ahern,* 107 Conn. 174, 178-180 [139 A. 691]; *Potter* v. *First Nat. Bank,* 107 N.J.Eq. 72, 74-75 [151 A. 546], followed in *Friedman* v. *Greenberg,* 110 N.J.L. 462, 464-466 [166 A. 119], and *Rathgeber* v. *Sommerhalder,* 112 N.J.L. 546, 548-549 [171 A. 835]; *Sumner* v. *Brown,* 312 Pa. 124, 127 [167 A. 315].) The Restatement of the Conflict of Laws, section 390, is in accord. It should be noted, however, that the majority of the foregoing cases were decided after drafts of the Restatement were first circulated in 1929. Before that time, it appears that the weight of authority was that survival of causes of action is procedural and governed by the domestic law of the forum. (*Austin* v. *Pittsburg, C., C., & St. L. Ry. Co.,* 122 Ky. 304, 309-310 [91 S.W. 742]; *Baltimore & Ohio R. Co.* v. *Joy,* 173 U.S. 226, 231 [19 S.Ct. 387, 43 L.Ed. 677]; *Clough* v. *Gardiner,* 111 Misc. 244, 248-249 [182 N.Y.S. 803]; *Herzog* v *Stern,* 264 N.Y. 379, 383-384 [191 N.E. 23], followed in *Demuth* v. *Griffin,* 253 App.Div. 399, 401 [2 N.Y.S. 2d 2], *Domres* v. *Storms,* 236 App.Div. 630 [260 N.Y.S. 335], *Silverman.* v. *Rappaport,* 165 Misc. 543, 545-546 [300 N.Y.S. 76], *Taynton* v. *Vollmer,* 242 App.Div. 854 [275 N.Y.S. 284]; *Gordon* v. *Chicago, R. I. & P. Ry. Co.,* 154 Iowa 449, 451 [134 N.W. 1057]; *In re Vilas' Estate,* 166 Ore. 115, 123-124 [110 P.2d 940]; *Martin* v. *Baltimore & Ohio R. Co.,* 151 U.S. 673,

692-693 [14 S.Ct. 533, 38 L.Ed. 311]; *Martin* v. *Wabash R. Co.*, 142 F. 650, 651 [73 C.C.A. 646, 6 Ann.Cas. 582]; *Page* v. *United Fruit Co.*, 3 F.2d 747, 754; *Matter of Killough*, 148 Misc. 73, 85-89 [265 N.Y.S. 301]; *Texas & Pac. Ry. Co.* v. *Richards*, 68 Tex. 375, 378 [4 S.W. 627]. See, also, *Barker* v. *Ladd*, Fed.Cas. 990 [3 Sawy. 44]; *Gaskins* v. *Bonfils*, 4 F. Supp. 547, 551; *Luster* v. *Martin*, 58 F.2d 537, 539-540; *Portland Gold Mining Co.* v. *Stratton's Independence, Ltd.*, 196 F. 714, 716-717; *Whitten* v. *Bennett*, 77 F. 271, 273; *Winslow* v. *Domestic Engineering Co.*, 20 F.Supp. 578, 579.) Many of the cases, decided both before and after the Restatement, holding that survival is substantive and must be determined by the law of the place where the tortious acts occurred, confused the problems involved in survival of causes of action with those involved in causes of action for wrongful death. (See, for example, the precedents on which the courts relied in *Hyde* v. *Wabash, St. L. & Pac. Ry. Co.*, *supra*, 61 Iowa 441; *Orr* v. *Ahern*, *supra*, 107 Conn. 174; and *Ormsby* v. *Chase*, *supra*, 290 U.S. 387.) The problems are not analogous. (See Schumacher, "*Rights of Action Under Death and Survival Statutes*," 23 *Mich.L.Rev.* 114, 116-117, 124-125.) ■ A cause of action for wrongful death is statutory. It is a new cause of action vested in the widow or next of kin, and arises on the death of the injured person. Before his death, the injured person himself has a separate and distinct cause of action and, if it survives, the same cause of action can be enforced by the personal representative of the deceased against the tort feasor. ■ The survival statutes do not create a new cause of action, as do the wrongful death statutes. (*Needham* v. *Grand Trunk Ry. Co.*, *supra*, 38 Vt. 294, 303-306; *Austin* v. *Pittsburg, C., C., & St. L. Ry. Co.*, *supra*, 122 Ky. 304, 308-310; *Martin* v. *Baltimore & Ohio R. Co.*, *supra*, 151 U.S. 673, 696, 698, 701; *Patton* v. *Brady*, 184 U.S. 608, 612-615 [22 S.Ct. 493, 46 L.Ed. 713]; *Spring* v. *Webb*, 227 F. 481, 484-485; 1 C.J.S., p. 211; Schumacher, *supra*, 23 *Mich.L.Rev.* 114, 124-125. The English courts have reached the same result in construing similar statutes: *Davies* v. *Powell Dufferin Assoc. Collieries, Ltd.*, [1942] A.C. 601, 610-616; *Rose* v. *Ford*, [1937] A.C. 826, 852, 855-856. See, also, *Bradshaw* v. *Lancashire and Yorkshire Ry. Co.*, [1875] 10 C.P. 189, 192-193.) They merely prevent the abatement of the cause of action of the injured person, and provide for its enforcement by or against the personal representative of the deceased. ■ They are analogous to statutes of limitation, which

are procedural for conflict of laws purposes and are governed by the domestic law of the forum. (*Biewend* v. *Biewend,* 17 Cal.2d 108, 114 [109 P.2d 701, 132 A.L.R. 1264].) ■ Thus, a cause of action arising in another state, by the laws of which an action cannot be maintained thereon because of lapse of time, can be enforced in California by a citizen of this state, if he has held the cause of action from the time it accrued. (Code Civ. Proc., § 361; *Stewart* v. *Spaulding,* 72 Cal. 264, 266 [13 P. 661]. See, also, *Biewend* v. *Biewend, supra*; and *Western Coal & Mining Co.* v. *Jones,* 27 Cal.2d 819, 828 [167 P. 719, 164 A.L.R. 685].)

Defendant contends, however, that the characterization of survival of causes of action as substantive or procedural is foreclosed by *Cort* v. *Steen,* 36 Cal.2d 437, 442 [224 P.2d 723], where it was held that the California survival statutes were substantive and therefore did not apply retroactively. The problem in the present proceeding, however, is not whether the survival statutes apply retroactively, but whether they are substantive or procedural for purposes of conflict of laws. ■ " 'Substance' and 'procedure' . . . are not legal concepts of invariable content" (*Black Diamond Steamship Corp.* v. *Stewart & Sons,* 336 U.S. 386, 397 [69 S.Ct. 622, 93 L.Ed. 754]. See, also, *Guaranty Trust Co.* v. *York,* 326 U.S. 99, 109 [65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231]; *Sampson* v. *Channell,* 110 F.2d 754, 756, 758; *Estate of Caravas,* 40 Cal.2d 33, 41-42 [250 P.2d 593]; W. W. Cook, *The Logical and Legal Bases of the Conflict of Laws* (1942), c. 6: "Substance and Procedure"), and a statute or other rule of law will be characterized as substantive or procedural according to the nature of the problem for which a characterization must be made.

■ Defendant also contends that a distinction must be drawn between survival of causes of action and revival of actions, and that the former are substantive but the latter procedural. On the basis of this distinction, defendant concludes that many of the cases cited above as holding that survival is procedural and is governed by the domestic law of the forum do not support this position, since they involved problems of "revival" rather than "survival." The distinction urged by defendant is not a valid one. Most of the statutes involved in the cases cited provided for the "revival" of a pending proceeding by or against the personal representative of a party thereto should he die while the action is still

pending. But in most "revival" statutes, substitution of a personal representative in place of a deceased party is expressly conditioned on the survival of the cause of action itself.[1] If the cause of action dies with the tort feasor, a pending proceeding must be abated. A personal representative cannot be substituted in the place of a deceased party unless the cause of action is still subsisting. In cases where this substitution has occurred, the courts have looked to the domestic law of the forum to determine whether the cause of action survives as well as to determine whether the personal representative can be substituted as a party to the action. (*Gordon* v. *Chicago, R. I. & P. Ry. Co., supra,* 154 Iowa 449, 451; *Martin* v. *Baltimore & Ohio R. Co., supra,* 151 U.S. 673, 692; *Martin* v. *Wabash R. Co., supra,* 142 F. 650, 651; *Baltimore & Ohio R. Co.* v. *Joy, supra,* 173 U.S. 226, 231.) Defendant's contention would require the courts to look to their local statutes to determine "revival" and to the law of the place where the tort occurred to determine "survival," but we have found no case in which this procedure was followed.

Since we find no compelling weight of authority for either alternative, we are free to make a choice on the merits. We have concluded that survival of causes of action should be governed by the law of the forum. Survival is not an essential part of the cause of action itself but relates to the procedures available for the enforcement of the legal claim for damages. Basically the question is one of the administration of decedents' estates, which is a purely local proceeding. The problem here is whether the causes of action that these plaintiffs had against Pullen before his death survive as liabilities of his estate. Section 573 of the Probate Code provides that "all actions founded . . . upon any liability for physical injury, death or injury to property, may be maintained by or against executors and administrators in all cases in which the cause of action . . . is one which would not abate upon the death of their respective testators or intestates. . . ." Civil Code, section 956, provides that

---

[1] For example, Code Civ. Proc., § 385: "An action or proceeding does not abate by the death, or any disability of a party . . . *if the cause of action survive or continue.*" (Italics added.) See also 28 U.S.C.A., Rule 25(a)(1) [leg. hist., U.S.Rev.Stat., § 955 (1874); Judiciary Act of 1789, § 31]: "If a party dies *and the claim is not thereby extinguished,* the court . . . may order substitution . . ." of the personal representative. (Italics added.) The exact language of Rule 25(a)(1) is repeated in Arizona Code, 1939, § 21-530.

"A thing in action arising out of a wrong which results in physical injury to the person . . . shall not abate by reason of the death of the wrongdoer . . . ," and causes of action for damage to property are maintainable against executors and administrators under section 574 of the Probate Code. (See *Hunt* v. *Authier*, 28 Cal.2d 288, 292-296 [169 P.2d 913, 171 A.L.R. 1379]; *Cort* v. *Steen, supra*, 36 Cal.2d 437, 439-440.) Decedent's estate is located in this state, and letters of administration were issued to defendant by the courts of this state. The responsibilities of defendant, as administrator of Pullen's estate, for injuries inflicted by Pullen before his death are governed by the laws of this state. This approach has been followed in a number of well-reasoned cases. (*Matter of Killough, supra*, 148 Misc. 73, 85-89; *Herzog* v. *Stern, supra*, 264 N.Y. 379; *In re Vilas' Estate, supra*, 166 Ore. 115; *Martin* v. *Baltimore & Ohio R. Co., supra*, 151 U.S. 673; *Whitten* v. *Bennett, supra*, 77 F. 271, 273.) It retains control of the administration of estates by the local Legislature, and avoids the problems involved in determining the administrator's amenability to suit under the laws of other states. The common law doctrine *actio personalis moritur cum persona* had its origin in a penal concept of tort liability. (See Prosser, *Law of Torts* 950-951; Pollock, *The Law of Torts* (10th ed.) 64, 68.) Today, tort liabilities of the sort involved in these actions are regarded as compensatory. When, as in the present case, all of the parties were residents of this state, and the estate of the deceased tort feasor is being administered in this state, plaintiffs' right to prosecute their causes of action is governed by the laws of this state relating to administration of estates.

The orders granting defendant's motions to abate are reversed, and the causes remanded for further proceedings.

Gibson, C. J., Shenk, J., and Carter, J., concurred.

SCHAUER, J.—I dissent. In *Cort* v. *Steen* (1950), 36 Cal. 2d 437, 442 [224 P.2d 723], this court held that under the doctrine of nonsurvivability the abatement of an action by the death of the injured person through the tort feasor's act or otherwise, or by the death of the tort feasor, abates the wrong as well; that the effect of a survival statute is to create a right or cause of action rather than to either continue an existing right or revive or extend a remedy theretofore ac-

crued for the redress of an existing wrong; and that consequently a survival statute enacted after death of the tort feasor did not apply to the tort or cause of action involved. And more recently, in *Estate of Arbulich* (1953), *ante,* pp. 86, 88-89 [257 P.2d 433], we recognized the rule that the burden of proof provisions of the Probate Code sections (259 *et seq.*) dealing with reciprocal inheritance rights are not merely procedural in nature, but, rather, are substantive statutes regulating succession, and that consequently such rights are to be determined by the law as it existed on the date of decedent's death. (See, also, *Estate of Giordano* (1948), 85 Cal.App.2d 588, 592, 594 [193 P.2d 771].)

Irreconcilably inconsistent with the cases cited in the preceding paragraph, the majority now hold that "Survival is not an essential part of the cause of action itself but relates to the procedures available for the enforcement of the legal claim for damages. Basically the question is one of the administration of decedents' estates, which is a purely local proceeding." If the above stated holding is to prevail, then for the sake of the law's integrity and clarity, and in fairness to lower courts and to counsel, the cited cases should be expressly overruled. But even more regrettable than the failure to either follow or unequivocally overrule the cited cases is the character of the "rule" which is now promulgated: the majority assert that henceforth "a statute or other rule of law will be characterized as substantive or procedural according to the nature of the problem for which a characterization must be made," thus suggesting that the court will no longer be bound to consistent enforcement or uniform application of "a statute or other rule of law" but will instead apply one "rule" or another as the untrammeled whimsy of the majority may from time to time dictate, "according to the nature of the problem" as they view it in a given case. This concept of the majority strikes deeply at what has been our proud boast that ours was a government of laws rather than of men.

Although any administration of an estate in the courts of this state is local in a procedural sense, the rights and claims both in favor of and against such an estate are substantive in nature, and vest irrevocably at the date of death. (*Estate of Patterson* (1909), 155 Cal. 626, 634 [102 P. 941, 132 Am. St.Rep. 116, 18 Ann.Cas. 625, 26 L.R.A.N.S. 654].) Since this court has clearly held that a right or cause of action created by a survival statute is likewise substantive, rather than procedural, we should hold, if we would follow the law,

that the trial court properly granted defendant's motions to abate.

Spence, J., concurred.

EDMONDS, J.—I concur in the conclusion that the order granting the defendant's motion to abate should be affirmed.