■  KATHLEEN N. RILEY, as Administratrix of the Estate of WILLIAM H. RILEY, Deceased, Appellant, v. CAPITAL AIRLINES, INC., Respondent.— Order unanimously modified to the extent of granting motion to strike the affirmative defense in the answer as to the third cause of action in the amended complaint, and as so modified, affirmed, without costs of this appeal to either party. Memorandum: The first and second causes of action in the amended complaint actually contain four causes. Two of these seek to recover damages for wrongful death pursuant to article 5 of the Decedent Estate Law of this State. The remaining two causes seek recovery for alleged conscious pain and suffering. The third cause of action seeks recovery for the alleged wrongful death of plaintiff's intestate under the statute of the State where the accident occurred (West Virginia Code, § 5474). The fourth cause seeks to recover for loss of future earnings. The answer sets forth an affirmative defense to all causes of action alleging therein certain statutory and decisional laws of West Virginia. Special Term in passing upon the motion first correctly considered the legal sufficiency of the amended complaint. (5 Carmody-Wait, New York Practice, § 41, pp. 54–56.) It held the first and second causes legally insufficient. While holding the third cause sufficient it decided that the affirmative defense was also legally sufficient because of the provision in the West Virginia statute limiting monetary recovery in such an action. The latter holding has been effectively annulled by *Kilberg* v. *Northeast Airlines* (9 N Y 2d 34) wherein it was decided that such a limitation in a statute of a sister State is not binding

on the courts of this State in an action for the death of a resident of this State which occurred on an airplane trip originating in this State. It follows that the affirmative defense is legally insufficient as to the third cause of action and should be stricken insofar as it attempts to assert a defense to that cause. In our opinion Special Term correctly decided, and plaintiff now so concedes, that the fourth cause of action and so much of the first and second causes as sought recovery for wrongful death under the New York statutes were legally insufficient. In the light, however, of certain pronouncements in the *Kilberg* case (*supra*) and the unsettled state of the law in this area (cf. *Grant v. McAuliffe,* 41 Cal. 2d 859; Survival of Actions, 10 Stan. L. Rev., pp. 205–252) we conclude that the legal sufficiency of so much of the first and second causes as seek recovery for conscious pain and suffering and the affirmative defense thereto should not be passed upon at this time. Such determination should await the trial or if defendant is so advised it may raise the question by appropriate motion. It follows that the order should be modified to the extent of striking the affirmative defense as to the third cause of action, and as so modified, affirmed, without costs. (Appeal from order of Monroe Special Term denying plaintiff's motion to strike out the affirmative defense in the answer of defendant.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ. [24 Misc 2d 457.]